LEO SIMMONS, by W. H. SIMMONS, his next Friend, Appellant, v. J. R. LEWIS and WINIFRED LEWIS.

**Automobiles:** CARE REQUIRED IN OPERATING THE SAME: NEGLIGENCE: EVIDENCE. One operating an automobile has the same rights in a street as the driver of horses, and is liable for resulting accidents

only where he fails to exercise the degree of care as to operation and speed of his machine which the circumstances reasonably demand. In the instant case the evidence is held to show that the operator of the automobile was in the exercise of reasonable care with respect to the safety of others upon the street and was not liable to one injured by a runaway team.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL, Judge.

WEDNESDAY, MARCH 9, 1910.

ACTION to recover damages for personal injuries alleged to have resulted to plaintiff from the negligence of defendant Winifred Lewis in operating an automobile in such a negligent manner as to frighten a team of horses causing them to break loose from a vehicle to which they were attached and to run upon plaintiff. At the conclusion of the evidence, the court on motion directed a verdict for defendants, and plaintiff appeals.—*Affirmed.*

*Dower & Murphy,* for appellant.

*Wade, Dutcher & Davis* and *Stapleton & Stapleton,* for appellees.

McCLAIN, J.—Defendants are husband and wife. On a day on which the County Fair was being held at the Fair Grounds, about one-half mile east of Marengo, and while many people were passing on foot and in vehicles along the street, leading from the town to the Fair Grounds, the defendant Winifred Lewis, running an automobile owned by her husband, proceeded along said highway from the town towards the Fair Grounds. When she came within about two city blocks in distance from the entrance to the Fair Grounds, and while proceeding on the north side of the street, she came to buggies mov-

ing in the same direction in front of her, and, after making two or three efforts to pass them without success, she crossed to the south side of the street, where she proceeded slowly near the team belonging to one Krause, which was being driven attached to a double-seated vehicle, on the north side of the street, and this team becoming frightened although firmly held by the owner sprang sidewise so as to break the tongue of the vehicle, and, escaping from the owner, ran along the street to the entrance of the Fair Grounds, where the horses ran upon plaintiff causing him, a boy of about twelve years of age, severe injuries.

Giving to the evidence for the plaintiff all the force which the jurors could possibly give to it within the scope of their proper functions, it tends to show that the automobile, a single-cylinder car, running at low gear, was operated with all the care and precaution which could reasonably be required even when passing in the street where there were many people and numerous vehicles, although as a matter of fact there were immediately in front of the automobile at the time when the horses became frightened only two or three vehicles and the main procession of people in front occupying the street was about one-half a block distant; that Krause's team when the automobile approached on the north side of the street pricked up their ears and seemed restless, but that their owner, although aware of the approach of the automobile, gave no signal to indicate that he desired the automobile to stop, relying upon the fact, as he testified, that the team was not afraid of automobiles and was accustomed to them; that, when the automobile crossed to the south side and again approached Krause's team, there was no manifestation of fear on the part of the horses save a slight restlessness until they suddenly attempted to plunge forward and on being held back by their driver jumped sidewise, breaking the tongue and dashed off, the whole transaction

after fright was manifested occupying only a moment of time.

Assuming the law to be well settled by our decisions that one operating an automobile has the same right in the street as the driver of horses and is liable for a resulting accident only where he fails to use the degree of care as to the speed and management of his machine which the circumstances reasonably require (*House v. Cramer,* 134 Iowa, 374; *Delfs v. Dunshee,* 143 Iowa, 381) we are unable to see anything in this record which would justify a finding of negligence.   The automobile was being operated at a low rate of speed, little if any greater at the time of the accident than that of the teams moving in front of it.   The noise produced was greater than that of an automobile running on high gear, but not greater than that usually produced by a one-cylinder car running at low gear.   There was nothing in the appearance of the automobile specially calculated to frighten horses.   It was like ordinary automobiles in its appearance.   No warning had been given that the Krause team was frightened or likely to be frightened by the approach of the machine. There is no evidence that the operator of the machine had any reason to suppose from the appearance of the Krause team that it was likely to become frightened and uncontrollable on the near approach of the machine.   After the horses manifested fright, nothing could have been done by the operator of the machine, to avoid the accident, for it happened instantly, and the horses were in a few seconds free from the vehicle and dashing along the street.   It will not do to say that the machine ought not to have been run on the street at all at the time, for there was no such congestion as to render it negligent on the part of the operator to proceed with due care toward the Fair Grounds.   The operator did not run into a crowd, nor, so far as it appears, manifest any intention of proceeding save in a careful and prudent manner in view of the circumstances surrounding her.

The street was of ordinary width. It would be useless to set out the evidence in detail. We have narrated all the circumstances which seem to be indicated as having the slightest bearing on the question whether Winifred Lewis was negligent at the time of the happening of the accident or at any time preceding after she went upon the street with the machine.

We are fully satisfied that a verdict for the plaintiff would have been entirely without support in the evidence, and the court did not err therefore in directing a verdict for the defendants. The judgment is *affirmed.*