J. R. Phipps, Appellee, v. City of Perry, Appellant,

MUNICIPAL CORPORATIONS: Streets and Alleys—Defects or Obstructions—Notice—Negligence. Evidence reviewed, and held sufficient to carry to the jury the question whether paving blocks had been piled in a public street by *employees of the city* and allowed to remain there without guard or warning lights, with consequent negligence on the part of the city, and whether the city had notice thereof through the acts of its employees.

NEGLIGENCE: Contributory Negligence—Negligence Per Se—Defective Street. Evidence reviewed, and held insufficient to charge plaintiff with negligence *per se* in riding a motorcycle upon a pile of paving blocks piled in a public street.

NEGLIGENCE: Contributory Negligence—Violation of Law—Non-Causal Connection Between Injury and Law Violation. Negligence on the part of an injured party, even though flowing from a violation of law, is immaterial when no causal connection exists between the injury and said negligence. So held where the injured party was operating a motorcycle in violation of law, in that he had no number plate on said machine, as required by law.

*Appeal from Dallas District Court.*—L. N. Hays, Judge.

Thursday, October 26, 1916.

Action for damages for negligence in causing, or permitting, the obstruction of a street, whereby the plaintiff was thrown from a motorcycle and severely injured. There was a trial to a jury, and a verdict and judgment for plaintiff. The defendant has appealed.—*Affirmed.*

*Dugan & Dugan* and *Harry Wifvat*, for appellant.

*H. G. Giddings* and *S. Trevarthen*, for appellee.

EVANS, C. J.—The appellant rests its appeal upon two general propositions, namely: (1) That the evidence failed to show any negligence upon the part of the city; (2) that the evidence did show contributory negligence on the part of the plaintiff. The defendant asked a directed verdict upon each ground, and the errors assigned herein present the same questions.

1. Was there sufficient evidence of the negligence of the defendant to go to the jury? The accident happened on the north side of Willis Avenue, a paved street running east and west, in the defendant city. It occurred at the northeast corner of the intersection between such avenue and Seventh Street, which was a north and south street. In order to repair a water pipe, the defendant, on June 6th, caused an excavation to be made at such corner. This necessitated the removal of the paving blocks, and cutting through the cement base. The water pipe being mended, the hole in the pavement was repaired, except that the paving blocks were not restored to their place. It was necessary to wait for some process of settling, before the blocks could be properly reset. The mending of the pipe and the filling of the hole in the pavement were finished about June 15th. The accident to the plaintiff happened on the night of June 20th. At the time of the accident, the blocks were piled on the street in the vicinity of the place where the pavement had been cut. No red lights were placed, nor any other form of warning given of the obstruction. The plaintiff was riding a motorcycle, going west, and was thrown from his vehicle by reason of such obstruction. He did not know of the obstruction, and was prevented from seeing it by circumstances which will be related in another division of this opinion. There was a street light on the south side of the street.

1. MUNICIPAL CORPORATIONS: streets and alleys: defects or obstructions: notice: negligence.

It was mounted upon a lamp post 10 or 12 feet high. This lamp lighted the street reasonably well, except when passing automobiles threw their shadows upon the obstruction. It is urged for the defendant that there is no evidence to show that the employees of the city put the blocks upon the pavement, and that there is no evidence to show how long they had been upon the pavement; nor any evidence to show that they had been there long enough to afford notice of the obstruction to the city. The repairs were concededly made by the employees of the city. The removal of the blocks and their presence upon the street was a natural incident of those repairs. One witness testified for the defendant that, when the blocks were first removed, they were piled upon the parking. This evidence is relied upon by the defendant as showing that the city employees were not responsible for placing the blocks upon the street. Accepting the testimony of this witness as true, it was a circumstance only. The most that can be said for it is that it made a question for the jury whether the city employees or some third party was responsible for the location of the blocks. There was no evidence tending to connect any other person with such act, except the city employees. If the blocks were so placed by the city's employees, no further notice was necessary. We think it clear that the evidence was sufficient to go to the jury upon this question of the city's negligence.

2. Was the plaintiff guilty of contributory negligence as a matter of law? It is urged that his lamp was insufficient, in that it did not throw the light far enough ahead of the moving vehicle. It appears that the plaintiff had so adjusted his lamp that it threw its light at short range. This is said to have some advantages over a different adjustment. The plaintiff also denies that the adjustment of his lamp contributed in any way to the accident. The immediate circumstances of the accident were that the plaintiff was meeting an east-bound automobile, which threw its light upon

2. Negligence: contributory negligence: negligence per se: defective street.

him in such a way that he could see nothing until he got beyond the range of the automobile lights. When that point was reached, the automobile was between the street light on the south side of the·street and the pile of paving blocks, and it threw its shadow upon the obstruction in such a way as to prevent the plaintiff from seeing it. We think the question of contributory negligence at this point was for the jury.

It is next urged that the plaintiff was a trespasser upon the street, in that he was driving without a number plate, and in that he was not entitled to any number plate because of

3. NEGLIGENCE: contributory negligence: violation of law: non-causal connection between injury and law violation.

failure to pay the license fee. It is argued, therefore, that he was guilty of contributory negligence as a matter of law, and is entitled to no standing in court. We have heretofore held that a failure to register a motor vehicle will not preclude recovery for the tort of another, unless such failure sustains some causal relation to the injury. *Lockridge v. Minneapolis & St. L. R. Co.*, 161 Iowa 74. It is also urged that he was exceeding the speed limit, and that he thereby contributed to his own injury. The testimony for the plaintiff was that he was clearly within the speed limit. This question, therefore, was for the jury also.

All of these mooted questions were submitted to the jury by instructions of which no complaint is made other than herein indicated. The defendant was not entitled to a directed verdict upon either ground urged. The judgment of the district court is, therefore,—*Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.