W. A. WOLFORD, Appellant, v. CITY OF GRINNELL, Appellee.

**NEGLIGENCE:** Proximate Cause—Unlawful Operation of Auto-
1 mobile. That an automobile was being unlawfully operated, in that it had not been registered as by law provided, is no defense to an action for damages for negligently injuring it.

**EVIDENCE:** Presumptions—Common and Necessary Public Im-
2 provements—Authority. In the absence of proof to the contrary, it will be presumed that a sewer manhole existing in a public street was constructed or authorized by the city.

**MUNICIPAL CORPORATIONS:** Public Streets—Obstructions—
3 Negligence. Evidence that a city maintained in a public street a sewer manhole extending from 8 to 16 inches above the level of the street, and allowed the same to be overgrown with weeds, presents, at the least, a jury question on the issue of negligence, even in the absence of evidence that the city authorized the construction. Section 753, Code, 1897.

**MUNICIPAL CORPORATIONS:** Public Streets—Obstructions—
4 Presumption. Principle recognized that one rightfully using a
Vol. 179 Ia.—44

public street has a right to presume that it is free from dangerous obstructions.

*Appeal from Poweshiek District Court.*—K. E. WILLCOCKSON, Judge.

WEDNESDAY, MARCH 14, 1917.

ACTION to recover damages for injuries to an automobile, due to the alleged negligence of the defendant in permitting an obstruction in one of its streets. A jury was called, and at the conclusion of the plaintiff's testimony, defendant filed a motion for a directed verdict. This motion was sustained, and judgment entered against plaintiff for costs, and he appeals.—*Reversed and Remanded.*

*S. B. Allen* and *J. W. Carr,* for appellant.

*J. H. Patton* and *H. L. Beyer,* for appellee.

DEEMER, J.—I.   The obstruction complained of was a manhole cap, with casting from 8 to 16 inches in height, set solidly in the ground and near the center of one of the streets of the defendant city, and the negligence charged is:

"That the defendant city constructed said manhole in the center of the street in a careless and negligent manner and permitted the same to continue in the center of said street obstructing the passage thereof for a long period of time, to wit: more than one year.   And that the grass and weeds grew up about said obstruction so that it was obscured.   That the defendant city had no lights at said location so that the said obstruction could be seen in the nighttime.   *   *   *   That the said injury was the result of the negligence of said defendant city herein, in placing said obstruction in the street in the manner aforesaid and in permitting the same to be obstructed by grass and maintaining the same in the said street; and was negligent in not having lights at the said location so that pedestrians

could see the obstruction. * * * That the defendant herein did construct, or cause to be constructed, the said manhole or sewer and did keep and maintain the said street in a negligent manner as hereinbefore alleged. * * * That the negligence of the defendant city in constructing and maintaining the said manhole consisted in their constructing the said manhole so that it protruded above the surface of the road approximately 18 inches, and in not grading the street up about said manhole so constructed, and in permitting the grass and vegetation to grow up about and over the manhole so as to obscure the said manhole as it protruded above the surface of the road in the manner aforesaid and permitting it to remain in that condition, whereby pedestrians were in danger in passing to and fro upon and over said street, and in permitting the said manhole to protrude above the surface of the said street and maintaining it in that condition to the extent aforesaid, with knowledge of the dangerous condition."

The defendant denied all negligence, and pleaded contributory negligence on the part of the plaintiff. On these issues, the case was tried. Plaintiff produced testimony to show that, on September 13, 1915, at about 8 o'clock in the evening, he started from Des Moines in an automobile for his home, which was then at Deep River. He was accompanied by one Tapley, an automobile mechanic. Tapley was driving the car at the time of the accident, which happened in the city of Grinnell, about the hour of one o'clock A. M., September 14, 1915. Plaintiff and his companion had taken what was known as the "River to River Road," and reached the defendant city about one A. M., following the road into and through the city until they reached a barricade of one of the streets; and, noticing tracks leading to the south in front of this obstruction, they drove one block south and then turned east, going two blocks until they passed the intersection of that street with what is

called Chatterton Street. Until they reached this inter-
section, they found the street level, with no obstructions;
but they stopped near where a sidewalk would have been,
had it been laid on the east side of Chatterton Street. At
the southeast corner of this street intersection, there was a
small electric light fastened to a post. They had traveled
on the south side of this east and west street until they
reached and partly passed over the intersection, when they
noticed a ditch or gully, and from appearances concluded
that this was the end of the street. They then concluded
to back up the car and to proceed north again, in the hope
of getting onto the River to River Road. Tapley was driv-
ing the car, and he reversed his gears and started to back
up across the intersection, and in so doing ran into the ob-
struction, which, it is claimed, was near the center of the
street intersection. As a result, the car was badly dam-
aged, and this action is to recover compensation for the
damages done.

It is claimed that the transmission and crank case
struck the obstruction and did the damage to the machine.
It is also claimed that this manhole was 16 or 17 inches
higher than the street level; that grass had grown up around
and over it; and that the traveled part of the road as it
reached the obstruction turned to the south, so that the
headlights of the machine would not reveal its presence;
and that, after passing the manhole going east, this traveled
path turned to the north again, so that, after plaintiff had
passed the manhole going east, and straightened out his
car, he was directly in line with the manhole when he
started to back. Neither of the occupants saw the man-
hole as they passed it, and it is claimed that, if they had,
they would not have been advised of its dangerous character
because of the presence of the weeds, etc., over and around
it. It appears that Chatterton Street was opened and
traveled, to the north, from the intersection with Fifth

Avenue, the street which plaintiff was traveling. . The clearance of the rear axle of the car was something like 10 inches, and of the front axle, something more. Plaintiff looked, before the machine was backed, for obstructions, but did not observe any, for the reason that grass had grown over and around the manhole, and in the darkness of the night, he said, .it looked smooth and level.

There is no direct testimony as to who constructed this manhole, or as to how long it had been in the condition in which it was found at the time of the accident. It also appears that the car was a second-hand machine, purchased by plaintiff in July of the year 1915, and that plaintiff did not notify the secretary of state of his purchase and request a re-registration. At the time, he was running it under the number given the original owner when he paid his taxes for the year 1915. The motion to direct was based upon the proposition that no negligence on the part of defendant was shown; that the testimony showed contributory negligence on the part of the plaintiff, or of the driver of the car; and upon the further fact that plaintiff was violating the law in running the car without having it re-registered, as the statute required.

As to the last proposition, it is clear

1. NEGLIGENCE: proximate cause: unlawful operation of automobile. that plaintiff's failure to register the car had nothing whatever to do with the accident; that there is no showing of any causal connection between plaintiff's violation of law and the accident; hence his violation of the law was no defense to the action. No authorities need be cited in support of this proposition; but we may properly refer in this connection to *Lockridge v. Minneapolis & St. L. R. Co.*, 161 Iowa 74.

The law as originally announced in Massachusetts, and perhaps some other states, has never been recognized in this jurisdiction.

II. The street upon which the acci-

**2. EVIDENCE: presumptions: common and necessary public improvements: authority.** dent occurred was open to public travel, and it was the defendant's duty to keep the same free from obstruction and from nuisances which would interfere with ordinary public travel, and this includes travel by automobiles as well as other vehicles. See *House v. Cramer,* 134 Iowa 374; *Simmons v. Lewis,* 146 Iowa 316. This obligation includes all parts of the street open to travel, and is an affirmative duty cast upon all cities by statute. See Code Section 753. As already observed, there is no direct proof that the city constructed or maintained the obstruction complained of, but it was of such a character and so located that, if not constructed by the city, it was erected by someone without authority and in violation of law, and the law will not assume that some person committed a crime in placing such an obstacle in the street. It was manifestly a part of some sewer system, which the city alone could construct or authorize, and, in the absence of proof to the contrary, it will be presumed that the city constructed the same.

Moreover, even if this be not true, and

**3. MUNICIPAL CORPORATIONS: public streets: obstructions: negligence.** the city had nothing to do with placing it in the street, the testimony shows that it was near the center of a street intersection; that it was grown over with grass or weeds, so that it must have existed during the growing season, and, as the accident happened in September, the city must have had notice of the obstruction, had it exercised the care required of it, and ample time in which to remove or remedy the defect. At least, these were both jury questions; and, while it would have been better for plaintiff to have shown who constructed the obstruction, and the length of time it had been in the street, it was not absolutely necessary for him to do so, provided he introduced enough testimony so that a fair inference might be drawn that de-

fendant was negligent, either in the construction of the manhole or in not discovering and removing or remedying the defect before the accident occurred. These propositions find support in 28 Cyc. 1477, 1498 and 1499; *Padelford v. City of Eagle Grove*, 117 Iowa 616; *Smith v. City of Sioux City*, 119 Iowa 50; *City of Chicago v. Brophy*, 79 Ill. 277.

III. The question of contributory neg-

4. MUNICIPAL COR- ligence was manifestly for a jury. Both
PORATIONS: pub-
lic streets: ob- plaintiff and the driver of the car had the
structions: pre-
sumption. right to assume that the street was free from any dangerous obstruction; and, while they were required to exercise ordinary care in looking for defects, it was for the jury to say whether, under all the circumstances, they exercised this care, and, if they did, whether or not they saw or should have seen the obstruction, and knew of the danger likely to arise therefrom. Cases need not be cited upon this proposition, for the rule is well settled, not only by our cases, but by a long line of decisions in other states. It is clear that this case should have gone to the jury, and that the trial court was in error in directing a verdict.

The judgment must therefore be, and it is, reversed, and the cause remanded for a new trial.—*Reversed and Remanded.*

The foregoing opinion was prepared by Justice Deemer, now deceased, and is adopted as the opinion of the court.

GAYNOR, C. J., LADD, EVANS and PRESTON, JJ., concur.