Louis Schuster, by His Next Friend, Appellee, v. Joseph Gillispie, Appellant.

No. 42103.

December 12, 1933.

H. W. Byers, Stowe & Kirchner, and Putnam, Putnam, Langdon & Fillmore, for appellant.

Mitchell & Mitchell, for appellee.

CLAUSSEN, J.—■■■ On the night of May 20, 1930, plaintiff, who was sixteen years of age, was riding in an automobile in a southerly direction on a north and south road in Webster county, Iowa. A car belonging to defendant, in which defendant was riding, was driven by a son of defendant from a private driveway opening from the east onto the north and south road. It is plaintiff's contention that, upon entering upon the north and south road, defendant's car was turned in a northerly direction, and that it proceeded northerly upon this road in such close proximity to the west side that it was necessary for the driver of the Schuster car to turn into the ditch at the side of the road in order to avoid colliding with defendant's car. In any event, the car in which plaintiff was riding was driven into the ditch, and the damages were there sustained for the recovery of which this action is brought. Needless to say, the evidence of the parties is in hopeless conflict. There was evidence from which the jury could find that the roadway upon which the cars were being driven was about 20 feet in width; that the Schuster car was being driven at a rate of speed somewhere between 25 and 35 miles per hour; that the car could be stopped, at that rate of speed, in about 40 feet; that the distance between the two cars, after defendant's car had entered upon the roadway, was 200 feet or more; that the defendant's car was driven northerly toward the Schuster car so close to the west side of the road that there was not room enough for the car coming in the opposite direction to pass on the west side of the road; and that it was necessary for the driver to turn the car into the ditch in order to avoid a collision.

I. With the record in this condition, appellant contends that there was not sufficient evidence of negligence, chargeable to him, to warrant the submission of the question to the jury. Under the law, it was the duty of the driver of defendant's car to yield one-half of the traveled portion of the highway to the on-coming car. There was evidence from which the jury could find that this duty was not performed, and that, as a result of the failure of the driver of de-

fendant's car to yield one-half of the traveled portion of the road, the injuries complained of were sustained by plaintiff. In this situation it is obvious that the court was not in error in submitting this question to the jury.

II. Appellant urges that the accident was due to the failure of the driver of the Schuster car to have the car under such control that it could be brought to a stop within the assured clear distance ahead. It may be conceded that the laws of the state of Iowa impose upon the driver of every car the duty to drive the car upon the highway at such a speed that it can be brought to a stop within the assured clear distance ahead, but it does not follow that the statute imposes an imperative duty upon the driver to stop the car in every conceivable circumstance before colliding with objects upon highways. In the case before us, the jury could find that, as defendant's car was driven from the driveway, it swung over to the west side of the road. As the cars were driven toward each other, the driver of the Schuster car had a right to assume that the defendant's car would be diverted to the east side of the road, because the law required the driver of the defendant's car to yield him one-half of the traveled portion of the road. When the defendant's car came on the highway, it was 200 feet or more from the Schuster car. The Schuster car could be stopped within a distance of 40 feet. It was not the duty of the driver, as a matter of law, to bring it to a stop. It may be that under all the circumstances he had the right to proceed at a rate of speed which was reasonable. While driving the car at a rate of speed complying with the statute, the duty resting upon the driver of the Schuster car was to use reasonable care under all the facts and circumstances, and whether or not he used such degree of care was a question of fact for the jury. Caudle v. Zenor, 217 Iowa 77, 251 N. W. 69; Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504. It is undisputed that, when the Gillispie car first came upon the highway, the Schuster car was being operated at a rate of speed which would have permitted it being brought to a stop within the assured clear distance ahead. In this situation it cannot be held as a matter of law that the cause of the accident was a failure of the driver to have the car under such control that it could be stopped within the assured clear distance ahead.

III. It is urged that the plaintiff was guilty of contributory negligence as a matter of law. He was a passenger in one of the cars involved in the accident. The evidence discloses no act on

his part which contributed in any manner to cause the accident. The situation in which he found himself was not such that a failure to do some particular thing would be contributory negligence as a matter of law. We reach the conclusion that the court properly submitted questions of negligence on the part of the defendant and contributory negligence on the part of plaintiff to the jury.

IV. Appellant pleads in the answer that the sole and proximate cause of the accident was the negligence of the driver of the Schuster car in driving the car at an excessive rate of speed and at a rate of speed which would not permit it to be brought to a stop within the assured clear distance ahead and without having the car under control. Appellant urges that this pleaded defense was not submitted to the jury. In this he is mistaken. In the first instruction the court set forth the issues presented by the pleadings, and specifically stated the allegations made by appellant in this respect. In the ninth instruction the court told the jury that, before plaintiff could recover, he must show that the defendant's failure to yield half of the road was the proximate cause of the injury, and "that neither the alleged excessive speed or want of control on the part of the driver of plaintiff's car, or any other circumstance, was the responsible cause of the accident in question."

In this connection it may be well to note a complaint on the part of appellant in relation to the part of the instruction above quoted. Appellant contends that the quoted part of the instruction requires that contributory negligence, to defeat recovery, must be the proximate cause of the accident, whereas under the law contributory negligence need only cause or contribute to cause the injury. In this connection it is only necessary to call attention to the fact that plaintiff was not driving the car at the time of the accident. The part of the instruction quoted has no reference to negligence on the part of plaintiff. It relates only to negligence on the part of the driver of the car. In the tenth instruction the court told the jury in effect that plaintiff could not recover for injuries which he himself had caused or to which he had contributed by his own negligence. The instructions are not vulnerable to either objection.

V. Appellant also says that the instructions in relation to proximate cause and contributory negligence were confusing. No useful purpose would be served by incorporating the instructions complained of in the opinion. We have carefully examined the instructions in the light of appellant's contentions, and have come

to the conclusion that the jury could not possibly be confused by the instructions given. In fact, the law applicable to the facts and the issues was stated with clarity and brevity.

VI. The driver of the car in which plaintiff was riding did not have a driver's license as required by law. Appellant insists that this prevents recovery on the part of plaintiff. Appellant suggests no causal relationship between plaintiff's injuries and the fact that the driver of the car had no license and we are unable to discover any such relationship. Before a violation of a statute will preclude recovery, causal relationship must exist between the unlawful act and the injuries complained of. Lockridge v. Minneapolis & St. Louis R. Co., 161 Iowa 74, 140 N. W. 834, Ann. Cas. 1916A, 158; Napier v. Patterson, 198 Iowa 257, 196 N. W. 73; McDowell v. Interstate Oil Co., 208 Iowa 641, 224 N. W. 58.

The foregoing discussion, in effect, disposes of all errors assigned by appellant. We find no error in the record, consequently the judgment of the trial court is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.