BEN E. RUCKMAN, Appellee, v. CUDAHY PACKING COMPANY, Appellant.

No. 45678.

OCTOBER 21, 1941.

Floyd E. Billings and R. J. Swanson, for appellant.

O. J. Kirketeg and William Rosenthal, for appellee.

STIGER, J.—Plaintiff brought this action to recover damages alleged to have been caused by the negligent parking of defendant's truck on a public highway. The trial court sus-

tained plaintiff's motion to strike division one of the answer which reads:

"1. That the plaintiff, at the time and place of the accident complained of by him, was operating a motor vehicle upon a highway in the State of Iowa without a valid license as an operator or chauffeur, and was not a person exempted from having a license; that the accident happened while he was so operating said motor vehicle without a license, and as a result thereof, he is not entitled to recover damages from the defendant."

Section 5013.01, chapter 251.1, 1939 Code, reads:

"5013.01 Operators and chauffeurs licensed. No person, except those hereinafter expressly exempted shall drive any motor vehicle upon a highway in this state unless such person has a valid license as an operator or chauffeur issued by the department of public safety. No person shall operate a motor vehicle as a chauffeur unless he holds a valid chauffeur's license."

Section 5036.01, chapter 251.1, 1939 Code, reads:

"5036.01 Penalties for misdemeanor. It is a misdemeanor for any person to do any act forbidden or to fail to perform any act required by any of the provisions of this chapter unless any such violation is by this chapter [251.1] or other law of this state declared to be a felony. Chapter 180 shall have no application in the prosecution of offenses committed in violation of this chapter.

"Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided shall be punished by a fine of not more than one hundred dollars or by imprisonment for not more than thirty days."

There is no statutory provision as to civil liability for violation of the provisions of chapter 251.1.

The question before us on this appeal is:

"May a plaintiff who is required to have a license to operate a motor vehicle upon the public highways of Iowa as provided

by section 5013.01 of the 1939 Code maintain an action in Iowa to recover damages sustained by him while he was operating a motor vehicle upon the Public Highway in Iowa without such license?''

The general rule, the rule established by the great weight of authority, is that the mere fact that the operator of a motor vehicle does not have a license or the fact that the motor vehicle is unregistered will not bar a recovery for injuries sustained to his person or property through the negligence of another unless there is a causal relation between his failure to comply with the law and the resulting injuries. 5 Am. Jur. 585, section 139; 5 Am. Jur. 586, section 141; 42 C. J. 724, section 188; 42 C. J. 748, section 234, and cases cited; Annotations, 16 A. L. R. 1108; 35 A. L. R. 62, 65; 87 A. L. R. 1469; Faust v. East Prairie Milling Co., (Mo. App.), 20 S. W. 2d 918; White v. Kline, 119 Wash. 45, 204 P. 796; Aycock v. Peaslee Gaulbert Paint & Varnish Co., 60 Ga. App. 897, 5 S. E. 2d 598; Tipton v. Estill Ice Co., 279 Ky. 793, 132 S. W. 2d 347; Speight v. Simonsen, 115 Or. 618, 239 P. 542, 43 A. L. R. 1149.

This court has recognized and followed the above rule in several cases, among which are: Schuster v. Gillispie, 217 Iowa 386, 251 N. W. 735; Wolford v. City of Grinnell, 179 Iowa 689, 161 N. W. 686; Phipps v. City of Perry, 178 Iowa 173, 159 N. W. 653; Lockridge v. Minneapolis & St. L. Ry. Co., 161 Iowa 74, 140 N. W. 834, Ann. Cas. 1916A, 158.

In Schuster v. Gillispie, supra, the defendant appellant contended that the fact that the driver of the car in which plaintiff was riding did not have a driver's license, as required by law, prevented a recovery on the part of plaintiff. In rejecting this contention, the court stated [page 390 of 217 Iowa, page 737 of 251 N. W.]:

''Appellant insists that this prevents recovery on the part of plaintiff. Appellant suggests no causal relationship between plaintiff's injuries and the fact that the driver of the car had no license and we are unable to discover any such relationship. Before a violation of a statute will preclude recovery, causal relationship must exist between the unlawful act and the injuries complained of.''

In Wolford v. City of Grinnell, supra, the court, in considering a defense that plaintiff was violating the law in driving his car without having it registered, said [page 693 of 179 Iowa, page 688 of 161 N. W.]:

"As to the last proposition, it is clear that plaintiff's failure to register the car had nothing whatever to do with the accident; that there is no showing of any causal connection between plaintiff's violation of law and the accident; hence his violation of the law was no defense to the action. No authorities need be cited in support of this proposition; but we may properly refer in this connection to Lockridge v. Minneapolis & St. L. R. Co., 161 Iowa 74.

"The law as originally announced in Massachusetts, and perhaps some other states, has never been recognized in this jurisdiction."

To sustain defendant's position on the issue before us, we would be compelled to hold that operating a motor vehicle on a highway makes the operator a trespasser and constitutes a nuisance which precludes recovery; that the omission of his statutory duty by the operator constitutes a causal connection with his injuries. In support of defendant's view of the law, it cites Johnson v. Boston & Maine R. Co., 83 N. H. 350, 143 A. 516, 61 A. L. R. 1178, which holds that a failure of the operator of a motor vehicle to have a license is causal and bars a recovery. In Massachusetts this rule is applied where the motor vehicle is unregistered.

The law in New Hampshire and Massachusetts is in conflict with the general rule above stated. With reference to the minority rule and the Massachusetts rule, see 5 Am. Jur. 585, 586; Bacon v. Boston Elevated R. Co., 256 Mass. 30, 152 N. E. 35, 47 A. L. R. 1100; Bourne v. Whitman, 209 Mass. 155, 95 N. E. 404, 35 L. R. A., N. S., 701; Griffin v. Hustis, 234 Mass. 95, 125 N. E. 387, and Johnson v. Boston & Maine R. Co., supra.

Because the challenged portion of the answer did not show a causal relation between the failure of plaintiff to have a license and the injuries complained of, the court was right in sustaining the motion to strike.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.