Luke A. STUMPF, Appellant,

v.

Ralph REISS and David
Reiss, Appellees.

No. 91–1709.

Court of Appeals of Iowa.

May 4, 1993.

Stumpf attempted to pass Reiss on the right as Reiss was attempting to make a right hand turn.

After a four-day trial, the case was submitted to the jury late Friday afternoon. About twenty-five minutes after the case was submitted, the jury returned its verdict finding that Reiss was not at fault. Stumpf filed a combined posttrial motion. The district court denied the posttrial motion. Stumpf appealed. We reverse and remand for new trial.

## I.

■ Stumpf contends the trial court erred by allowing evidence that Stumpf did not have a motorcycle license at the time of the accident. Although the court did not submit the issue of lack of a motorcycle license to the jury in its instructions, Stumpf contends the jury was prejudiced by the evidence.

We must first determine whether the trial court erred in allowing testimony, over a timely objection, that Stumpf did not have a motorcycle license at the time of the accident. In this respect, we note the following from *Ruckman v. Cudahy Packing Co.:*

> The general rule, the rule established by the great weight of authority, is that the mere fact that the operator of a motor vehicle does not have a license or the fact that the motor vehicle is unregistered will not bar a recovery for injuries sustained to his person or property through the negligence of another unless there is a causal relation between his failure to comply with the law and the resulting injuries.

This court has recognized and followed the above rule in several cases, among which are: *Schuster v. Gillispie*, 217 Iowa 386, 251 N.W. 735 [1933]; *Wolford v. City of Grinnell*, 179 Iowa 689, 161 N.W. 686 [1917]; *Phipps v. City of Perry*, 178 Iowa 173, 159 N.W. 653 [1916]; *Lockridge v. Minneapolis & St. L. Ry. Co.*, 161 Iowa 74, 140 N.W. 834 [1913], Ann.Cas. 1916A, 158.

Joseph J. Bitter, Dubuque, for appellant.

A. John Arenz and Todd L. Stevenson of O'Connor & Thomas Law Firm, Dubuque, for appellees.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

**HABHAB, Judge.**

This case arises out of an accident involving a pickup truck driven by the defendant, Ralph Reiss, and a motorcycle driven by the plaintiff, Luke Stumpf. The two vehicles were northbound on a four-lane road with two lanes in each direction.

Stumpf claims the accident was caused when Reiss proceeded to make a right turn into a private drive from the left northbound lane cutting off Stumpf's motorcycle in the right northbound lane. Reiss essentially asserts the accident was caused when

*Ruckman v. Cudahy Packing Co.,* 230 Iowa 1144, 1146, 300 N.W. 320, 321 (1941) (citations omitted).

In *Schuster v. Gillispie,* the defendant contended that because the driver of the car in which plaintiff was riding did not have a driver's license, as required by law, this prevented a recovery on the part of plaintiff. *Schuster,* 217 Iowa at 390, 251 N.W. at 736. The court stated:

> Appellant insists that this prevents recovery on the part of plaintiff. Appellant suggests no causal relationship between plaintiff's injuries and the fact that the driver of the car had no license and we are unable to discover any such relationship. Before a violation of a statute will preclude recovery, causal relationship must exist between the unlawful act and the injuries complained of.

*Id.*

In *Wolford v. City of Grinnell,* the court, in considering a defense that plaintiff was violating the law in driving his car without having it registered,[1] said:

> As to the last proposition, it is clear that plaintiff's failure to register the car had nothing whatever to do with the accident; that there is no showing of any causal connection between plaintiff's violation of law and the accident; hence his violation of the law was no defense to the action. No authorities need be cited in support of this proposition; but we may properly refer in this connection to *Lockridge v. Minneapolis & St. L. R. Co.,* 161 Iowa 74 [140 N.W. 834].

*Wolford,* 179 Iowa at 693, 161 N.W. at 686.

Our supreme court also touched on the subject in the criminal manslaughter case of *State v. Davis,* 196 N.W.2d 885, 894 (Iowa 1972). In that case, there was a question of relevancy. *Id.* The supreme court stated:

> Failure to have a valid driver's license has been held relevant in cases of this kind. *State v. Yowell,* 184 Kan. 352, 336 P.2d 841; *Commonwealth v. Romig,* 22 Pa.Dist. & Co.R. 341, 27 Berks 41. Oth-

er courts have held the evidence to be irrelevant. *Madison v. State,* 40 Ala. App. 62, 109 So.2d 749; *Roberts v. Commonwealth,* 264 Ky. 545, 95 S.W.2d 23; *Commonwealth v. Williams,* 133 Pa.Super. 104, 1 A.2d 812; *State v. Peterson,* 116 Utah 362, 210 P.2d 229. We believe the latter courts have the better of the issue, in the absence of a showing of a causal relationship between the invalid license and the collision. Note, 10 Temple L.Q. 67. This view is consistent with our rule in civil cases. *Ruckman v. Cudahy Packing Co.,* 230 Iowa 1144, 300 N.W. 320; *Schuster v. Gillispie,* 217 Iowa 386, 251 N.W. 735. *See also Hardwick v. Bublitz,* 254 Iowa 1253, 119 N.W.2d 886 (causal relationship shown under particular facts—defendant's knowledge of driver's incompetence). No causal relationship appeared here, and the trial court should have sustained the objection.

*Id.*

■ Thus, under Iowa law unless there is a causal relationship between the failure to have a license to operate a motor vehicle and the accident itself, the fact that plaintiff had no license is no defense to the action. This is in keeping with the general statement of the law that before a violation of a statute will preclude recovery, causal relationship must exist between the unlawful act and the accident.

We conclude that no causal relationship appears here. We believe the trial court reached the same conclusion for it declined to submit an instruction concerning the subject matter in question. The trial court committed error by not sustaining the objection. The evidence was inadmissible.

■ This conclusion, however, does not end our inquiry. We need to turn to our rule of evidence 103(a) that determines, in civil matters, what the result should be

---

1. The court in *Ruckman* stated: "To sustain defendant's position on the issue before us, we would be compelled to hold that operating a motor vehicle on a highway makes the operator a trespasser and constitutes a nuisance which precludes recovery; that the omission of his statutory duty by the operator constitutes a causal connection with his injuries." *Ruckman,* 230 Iowa at 1147, 300 N.W. at 321.

if inadmissible evidence is received over a timely objection. Iowa R.Evid. 103(a). That rule provides:

> (a) **Effect of Erroneous Ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> (1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if this specific ground was not apparent from the context; or
>
> (2) *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

*Id.* In addition, although a presumption of prejudice arises when the trial court has received inadmissible evidence, over proper objection, that presumption will not suffice if the record demonstrates a lack of prejudice. *Shawhan v. Polk County,* 420 N.W.2d 808, 810 (Iowa 1988).

■ It is clear under our rules of evidence and pertinent case law that error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. Whether a substantial right is affected can only be determined when the record as a whole is considered. In addition, we should reverse only when justice would not be served by allowing the trial court judgment to stand. *See* Iowa R.Evid. 102.

Thus, with those principles in mind, we turn to the record. The evidence of Stumpf's lack of a license was offered on the issue of liability. In this respect, the question of liability was decidedly one of fact with competing testimony flowing from each side. The jury came down on the side of the defendant.

It is argued that since the jury found the defendant to be without fault, no prejudice resulted from the inadmissible testimony. It is further argued that since defendants are not at fault, 100% of the fault must rest with the plaintiff.

However, we have no way of knowing the amount of weight the jury gave to the inadmissible evidence. Because of the compelling arguments of each party on the issue of liability, we conclude that a substantial right of the plaintiff was affected by the admission of this testimony. Accordingly, we reverse and remand for a new trial.[2]

■ We recognize the problem trial judges have in determining in advance whether a causal relationship exists. As suggested in the committee comment under rule 103, the court must attempt to prevent the suggestion to the jury of inadmissible evidence by excusing the jury and making preliminary rulings. 5A Iowa Rules Civil Procedure Ann., Rules of Evidence, 12 (1984). The comment further notes that such procedure is consistent with the "present widespread use in Iowa of motions *in limine.*" *Id.*

Although we have reversed and remanded for new trial, there is at least one issue presented by the plaintiff on appeal that may reoccur at the new trial. We will briefly touch on that. The other issues on appeal which we have not touched on in all likelihood will not reoccur at the new trial or are dependent totally upon evidence that will be submitted at that trial (court instructions, admissions of a party opponent, etc.).

**II.**

■ Stumpf claims the trial court erred by allowing opinion testimony of Officer Hahn. Officer Hahn stated in his testimony that although he had investigated 50–

---

**2.** In the criminal area of the law, Iowa follows the rule that "error in admission of evidence must be prejudicial to an accused to constitute cause for reversal." *State v. Wallace,* 259 Iowa 765, 771, 145 N.W.2d 615, 619 (1966) (citations omitted). The court has said, "A common test to determine whether a ruling on the admission of evidence was prejudicial is whether, upon a review of the record, it sufficiently appears the rights of the complaining party have been injuriously affected by the error or he has suffered a miscarriage of justice." *State v. Mayhew,* 170 N.W.2d 608, 619 (Iowa 1969) (citation omitted).

100 accidents per year during his eight years as a patrolman, and he had attended classes on accident investigation, he did not consider himself an expert.

As we examine the trial court's ruling, we are mindful that "[t]he general rule in this jurisdiction is one of liberality in the admission of opinion evidence." *State v. Hummell,* 228 N.W.2d 77, 82 (Iowa 1975).

Iowa Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

*Id.*

We do not believe the trial court abused its discretion by allowing Officer Hahn to express his opinions relating to the motor vehicle accident he investigated. Officer Hahn possessed skill and training which would assist a jury to understand the accident scene and the cause of the accident. Officer Hahn's statement that he is not an expert is not determinative. Officer Hahn cannot be expected to make a legal analysis as to whether he is an expert under Iowa Rule of Evidence 702.

■ Stumpf also argues the trial court erred by not allowing him to voir dire Officer Hahn. Stumpf asserts Officer Hahn's opinions were based on inaccurate facts. "The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise." Iowa R.Evid. 705. An adverse party can show an expert's opinion is not supported by the facts through cross-examination. *Id.* Stumpf had ample opportunity to cross-examine Officer Hahn. Stumpf requested the voir dire after Officer Hahn had already begun to testify. We also find the trial court did not abuse its discretion by refusing to allow Stumpf to voir dire Officer Hahn.

Stumpf also claims he was prejudiced by Officer Hahn stating Stumpf was at fault for the accident. Plaintiff objected immediately. The trial court properly sustained the objection and quickly admonished the jury. With the trial court's ruling now facing the witness, we do not believe this problem will reoccur on retrial.

**REVERSED AND REMANDED FOR NEW TRIAL.**

OXBERGER, C.J., concurs.

SACKETT, J., specially concurs without opinion.