# IN THE COURT OF APPEALS OF IOWA

No. 14-0615
Filed April 8, 2015

**LINDA CAMPBELL,**
        Plaintiff-Appellant,

**vs.**

**JAMIEE NICOLE KINSER,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Lucas County, Sherman Phipps,

Judge.

        A plaintiff appeals a judgment in the defendant's favor in a negligence

action resulting from a train accident.  **AFFIRMED.**

        Brett J. Beattie of Beattie Law Firm, P.C., Des Moines, for appellant.

        Gayla R. Harrison and Nicholas T. Maxwell of Harrison, Moreland,

Webber & Simplot, P.C., Ottumwa, for appellee.

        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, J.**

Plaintiff Linda Campbell appeals a jury's finding that defendant Jamiee Nicole Kinser was not negligent in getting her vehicle stuck on the railroad tracks. Campbell asserts the trial court abused its discretion in excluding evidence that Kinser was driving in violation of Iowa Code section 321.194 (2013) at the time of the accident. She also contends the trial court's failure to issue a jury instruction on this violation constituted error. We affirm the rulings of the trial court.

## I. Background Facts and Proceedings

Campbell was a passenger in a train that collided with a pickup truck blocking a train crossing. Kinser was the driver of the truck who got the truck stuck after attempting to cross the tracks in deep snow several minutes before. Campbell brought suit to recover for the injuries she claimed she sustained due to Kinser's negligence.

Kinser was driving in violation of the limitations of her special minors' driver's license issued under section 321.194 at the time of the accident. Iowa Code § 321.194. The district court denied Campbell's efforts to claim Kinser's violation of her driver's license was either negligence per se or was evidence of negligence. The jury found for Kinser. Campbell has appealed.

## II. Discussion

We review errors in jury instructions for correction of errors at law. *Herbst v. State*, 616 N.W.2d 582, 585 (Iowa 2000). We review evidentiary rulings for an abuse of discretion. *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 615 (Iowa 2006).

Section 321.194 is, as argued, intended to restrict the driving of inexperienced drivers. Iowa case law on the subject of liability arising out of driving without a license is primarily in the context of contributory negligence or comparative fault issues. In automobile accident cases, our courts have consistently held that in the absence of a causal relationship between having no driver's license[1] and the collision, the evidence of license status is irrelevant. *See, e.g.*, *Stumpf v. Reiss*, 502 N.W.2d 620, 622 (Iowa Ct. App. 1993).

> [U]nder Iowa law unless there is a causal relationship between the failure to have a license to operate a motor vehicle and the accident itself, the fact that plaintiff had no license is no defense to the action. This is in keeping with the general statement of the law that before a violation of a statute will preclude recovery, causal relationship must exist between the unlawful act and the accident.

*See id.*

Although *Stumpf* involved an effort by the defendant to claim an unlicensed plaintiff driver should be denied recovery because the plaintiff was not a licensed driver, the rationale behind the *Stumpf* decision and the cases cited in that decision are on point in this case in which Campbell seeks to use Kinser's lack of driving privileges at the time of that accident as proof of negligence. Campbell has been unable to demonstrate a causal relationship between Kinser's driving privilege status and the collision.

## III. Conclusion

Accordingly, the district court correctly applied the law when it denied Campbell's request for a jury instruction based on Kinser's violation of section

---

[1] For the limited purpose of the analysis of this case, we consider driving beyond the authority granted by a restricted license as analogous to driving without a license.

321.194, and the court did not abuse its discretion when it refused to allow further evidence of Kinser's violation of section 321.194.  We affirm the rulings of the trial court.

   **AFFIRMED.**