Margaret Lane, Administratrix, Appellee, v. James Varlamos et al., Appellants.

No. 40931.

December 17, 1931.

Sims & Page and E. A. Norelius, for appellants.

J. H. O'Connor and Powers & Gilchrist, for appellee.

KINDIG, J.—Margaret Lane is the administratrix of Leonard Lane's estate. As such administratrix she is the plaintiff-appellee in this case.

Leonard Lane was killed when the car driven by him collided with an automobile operated by the defendant-appellant James Varlamos. The collision occurred at the top of a hill. These motor vehicles were traveling toward each other on an east and west secondary road, west of Vail. James Varlamos, the appellant, approached the hill where the accident occurred from the east, while Leonard Lane, the decedent, drove toward the hill from the west. Approaching the hill immediately from the east there was a steep grade, while from the west the grade is gradual. At the place in question, a road had been cut through the side of the hill, and the roadway was about eighteen feet wide. Only part of the roadway, however, was constantly used, and there were short weeds or grass on each side of the traveled portion. A single track apparently was all that appeared to have been traveled. On either side of the eighteen-foot roadway were banks. To the south the bank was about fifteen inches high, and to the north it was three or four feet in height.

Pat Lane is the father of Leonard, and on the morning of the accident, June 29, 1930, the father and son drove a Model A Ford Tudor Sedan automobile over the road in question to call on a neighbor. Both men were in the front seat, and Leonard was driving. They were proceeding about twenty-five miles per hour on the right-hand side of the road as they approached the top of the hill from the west. The appellant James Varlamos at the same time approached the hill from the east, up the steep grade, traveling, it is said, at an excessive rate of speed, on the wrong side of the road. Consequently the two cars came together at the top of the hill, and Leonard Lane was killed. It was about eleven o'clock in the forenoon when the accident occurred.

Suit was brought by the appellee against the appellants, James Varlamos and Thomas Varlamos, to recover damages for the wrongful death of Leonard Lane. Thomas Varlamos, the defendant-appellant, is the father of James and the owner of the car which his son was driving. He consented to such use of the car by his son. Hence, under Section 5026 of the Code, the father is liable in damages to appellee if Leonard Lane was

killed through the negligence of the appellant James Varlamos in causing the collision. Said section provides as follows:

"In all cases where damage is done by any car * * * driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

But the appellants declare that there was no negligence on the part of James Varlamos which caused the death of Leonard Lane. Leonard Lane's death resulted, they declare, from his own negligence. Appellee contends that the appellant James Varlamos was negligent in the following respects: First, he drove the automobile at an excessive rate of speed; second, he did not have the motor vehicle under control; and third, he failed to drive on his right half of the road.

As before explained, appellants deny that they were negligent, and plead that Leonard Lane came to his death because of his own negligence. That negligence, appellants declare, consisted of the following: First, no horn was sounded or other warning given by Leonard Lane as he drove his automobile near the top of the hill; and second, Leonard Lane drove on the wrong side of the road. Such negligence, appellants maintain, was the proximate cause of Leonard Lane's death.

Upon the issues thus submitted, evidence was introduced. This evidence is in conflict, and it was the province of the jury to determine with whom the preponderance thereof lay. The jury found in favor of appellee, and returned a verdict accordingly. Judgment was duly entered on the verdict, and the appellants appeal therefrom.

I. It is said by appellants that there is no substantial evidence of their negligence. So, they claim the district court erred in failing to direct a verdict in their favor.

A motion for a directed verdict was made at the close of plaintiff's evidence and again renewed at the conclusion of all the evidence. An examination has been made of the record relating to appellant's negligence, and it appears that a jury question was clearly presented. Without here setting forth in detail the testimony of the witnesses, it is enough to say that there was evidence of: First, excessive speed; second, the fact that James Varlamos, the appellant, was on the wrong side of the road; and third, failure of the appellant James Varlamos to control his

automobile. In view of such record, a jury question was presented, and the district court properly submitted the issue to the fact-finding body.

■ II. Complaint is made because the district court refused to strike from the record the following testimony of the witness Ralph Pieper:

"The car (the one driven by the appellant James Varlamos) sounded like it was going fast, and I looked up."

Pieper is a farmer, who lives near the road immediately east of where the accident occurred. No objection seems to have been made to the question, but after the answer was given, the appellant interposed the objection that the statement of the witness is an incompetent conclusion. To fully understand the proposition, it is important to know more of the record.

Previous to the answer given by the witness Pieper, he had already testified without objection as follows:

"My house is about four or five rods from the road. Saw a green Ford Tudor go by, while I was in the house a little while before the accident occurred, and my attention was attracted to it because it was a new car and by the speed it was going, but I can't say how fast that was. It would be hard to estimate its speed, as I could see the car just a little ways. That was thirty rods from the point of collision."

Subsequently to thus testifying, the witness Pieper gave the answer which the appellant seeks to strike. Then, as shown by the amended abstract, the witness without objection further testified:

"The top of that hill is about thirty rods from my place. It would be about that far from the point where I say I saw this car go by. I looked at it and let it go. It was not very long after I could hear the car that I saw it. This car was a new Ford. It was the roar of the motor that I heard. I don't know how fast one of these cars have to go before the motor roars."

■ Obviously the district court properly overruled appellants' motion to strike the aforesaid answer of the witness. This is true for at least two reasons: First, a witness under proper

circumstances may say that an automobile or train sounds as if it were traveling fast. Van Horn v. B. C. R. & N. Ry. Co., 59 Iowa 33; Payne v. Waterloo, Cedar Falls & Northern Ry. Co., 153 Iowa 445 (local citation 454). See also Ball v. Keokuk & Northwestern Ry. Co., 74 Iowa 132; Schultz v. Starr, 180 Iowa 1319.

Moreover, it is to be remembered that the witness here actually saw the passing car. See Owens v. Iowa County, 186 Iowa 408 (local citation, 411). Under those facts and circumstances there was no error because the district court refused to strike the testimony.

Second, before the witness made the answer which it is sought to strike, he had already given similar testimony, and, as shown by the amended abstract, later without objection testified in a like manner. That being true, there could be no prejudice in failing to strike the answer in question. Legler v. Muscatine Clinic, et al., 207 Iowa 720; Amick v. Montross, 206 Iowa 51.

Therefore reversible error does not appear because the district court failed to strike the testimony of the witness Pieper.

■ III. Again, it is contended by the appellants that the district court should have sustained a verdict in their favor under the motions aforesaid on the theory that Leonard Lane himself was guilty of negligence. Careful consideration of the record has been made with reference to that contention, and it appears that a jury question was presented on the matter of Leonard Lane's contributory negligence. Even though Leonard Lane, when approaching the top of the hill, did not sound the automobile horn as required by statute (see Section 5043), yet it was for the jury to say whether or not that fact constituted contributory negligence under the circumstances. Carlson v. Meusberger, 200 Iowa 65; Sexauer v. Dunlap, 207 Iowa 1018. For instance, the Lane car, as it approached the Varlamos automobile, could be seen at least 100 feet away. That fact, together with other matters in the record, presented a jury question on the alleged negligence of Leonard Lane. Likewise, under the conflicting evidence, the question of whether Leonard Lane drove on the right side of the road was properly submitted to the jury. Hence there is no error at this juncture.

■ IV. An objection is also made by the appellants because the district court permitted the witness Pat Lane to say

that Leonard was driving about twenty-five miles per hour. The objection is that the proper foundation was not laid.

It appears, however, that appellant did not object upon that ground. This is the record on that proposition:

"Well, as you drove east along the road that passes by Ralph Pieper's and approached this hill, do you know about how fast Leonard was driving? A. Yes, I know. Q. About how fast was he driving as he went up that hill? (Objected to as calling for the incompetent conclusion of the witness. Objection overruled.) A. Well, twenty-five miles."

Pat Lane, the witness, "was in a position to observe the movement of the car, and to express an opinion as to its speed. The weight of the evidence was for the jury." Owens v. Iowa County, 186 Iowa 408 (local citation 411).

Without proper objection, then, the witness could answer. In any event, the objection, as before stated, was not that the witness failed to qualify. There is no objection that he was incompetent. According to the previous answer, above set forth, the witness was qualified because he knew how fast the automobile traveled at that time. If he were qualified to testify on the subject, the answer was not objectionable because it is a conclusion.

On cross-examination the appellants, if they desired, could have tested the qualification of the witness, and, if possible, minimized the effect of the testimony. Under the circumstances the court did not err in admitting the evidence.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.