MACK KINNEY, Appellee, v. OSCAR LARSEN et al., Appellants.

No. 47204.

(Reported in 31 N. W. 2d 635)

APRIL 6, 1948.

Sifford, Wadden & Jepson, of Sioux City, and Miller, Davis, Hise & Howland, of Des Moines, for appellants.

Crary, Munger & Crary and George G. Yeaman, all of Sioux City, for appellee.

GARFIELD, J.—The principal question we find it necessary to determine is whether plaintiff was guilty of contributory negligence as a matter of law.

The collision occurred at a country crossing 1¾ miles north of the town of Sloan at 11:30 a.m. on July 24, 1944. Plaintiff, age sixty-seven, is a farmer who for seventeen years had lived 1¼ miles west of the crossing and was thoroughly familiar with it. He was returning to his home from Sloan on paved U. S. Highway 75 which parallels the railroad, in a northwest-southeast direction, at a distance of about 72 feet. Plaintiff turned west off the pavement onto the side road that passes his home and traveled about 82 feet to the crossing when the front of his automobile was struck by a northbound passenger train.

This action against the railroad and the engineer on the train is bottomed on their negligence in failing to sound a whistle and ring a bell as required by section 478.19, Code, 1946, and of course, upon plaintiff's freedom from contributory

negligence. There is substantial evidence of defendants' failure to give the statutory warning signals.

One ground of defendants' motion for directed verdict at the close of the evidence is that plaintiff's contributory negligence affirmatively appears. This motion was overruled and the jury returned a verdict for plaintiff of $3,750 against the railroad and one dollar against the engineer. Defendants then moved for judgment notwithstanding verdict on the grounds asserted in their motion to direct, as provided by Rule 243. (All references to rules are to Rules of Civil Procedure.) This motion was also denied and from judgment on the verdict defendants have appealed.

■ I. At the outset plaintiff contends that because defendants requested two special interrogatories bearing on the issue of contributory negligence (see Rule 206) which the court submitted to the jury, defendants are estopped to assert such issue was not for the jury but was one of law for the court. The contention is without merit.

Before they requested these interrogatories defendants' motion for directed verdict had been made and overruled. It was their duty to bow to that ruling. Defendants' request for interrogatories was not a waiver of their right to assign as error upon this appeal the overruling of the motion to direct. This is the spirit and effect of Rule 331(b).

The request for interrogatories could have no other or greater effect than defendants' request for instructions to the jury. Neither request was a waiver of their right to urge error in overruling their motion for directed verdict. If defendants had made no motion to direct, the situation would be different and the authorities cited by plaintiff would be applicable. The matter is settled by Heavilin v. Wendell, 214 Iowa 844, 849, 241 N. W. 654, 83 A. L. R. 872, and citations.

II. Of course plaintiff is entitled to have the evidence on the question of contributory negligence considered in the light most favorable to him.

From Sloan north to the place of collision both U. S. Highway 75 and the railroad are substantially straight. Sloan may be seen from the crossing in question. The railroad track is about 5½ feet higher than the surface of the paving. The

approach to the crossing from the east is thus upgrade. The country in the vicinity is comparatively flat. Since the railroad and Highway 75 run northwest-southeast and the side road which crosses the track lies due east and west, the angle between the side road, as it approaches the railroad from the east, and the track to the south is about 60 degrees.

Plaintiff says he slowed down to 8 or 10 miles an hour and shifted gears to make the turn off the paved highway. When he turned he looked south, first for cars following him, and, just after he left the pavement, for a train. In avoiding a rough place in the dirt side road plaintiff got a little too far north onto the grass. When he straightened up his car he looked south a second time. He was then about 47 feet east of the east rail. He could see south along the track a little beyond the whistling post and says he saw no train. The petition alleges and the answer admits this post is about one-fourth mile (1,320 feet) south of the crossing. A civil engineer employed by the railroad says the distance measures 1,347 feet.

Plaintiff's car was moving in second gear approximately 4 or 5 miles per hour. His brakes were in good condition. Plaintiff did not look to the south again until his car was within 5 or 6 feet of the east rail. He then "heard the train and looked up and it was right on me." He applied his brakes and threw his car in reverse but could not get the front of the car off the track in time to avoid the collision. The train was 20 minutes late and was traveling 60 miles per hour at least until it was within about 100 feet of the crossing. Plaintiff knew the time the train was due, he thought it had gone but had not heard it go.

There was nothing to divert plaintiff's attention. It is true he looked to the north, as was his duty, as well as to the south and also to the east and west on the side road. Plaintiff also says, "I heard something which sounded like a truck north of me and it could have been a plane or something else, but I didn't get it located." That this was not such a diverting circumstance as relieved plaintiff of the duty of looking for trains see Yanaway v. Chicago, R. I. & P. Ry. Co., 195 Iowa 86, 90, 190 N. W. 21; Ballard v. Chicago, R. I. & P. Ry. Co., 193 Iowa 672, 677, 185 N. W. 993.

Except for two lines of telegraph poles between the railroad and Highway 75 there was nothing to obstruct plaintiff's view. Plaintiff admits the grass did not prevent his seeing the track. There were no trees, shrubs, buildings, boxcars or other obstructions to view. Plaintiff admits nothing interfered with his view when he says he looked south the second time and could see a little beyond the whistling post.

The telegraph poles cannot be called an obstruction to the view under the facts here. The west line of poles was 47 feet east of the east rail, the east line of poles was 11½ feet farther east. Plaintiff had passed beyond (west of) the east line of poles when he says he looked south the second time. The west line of poles was about 3 feet west of the place from which he looked the second time but the first pole to the south was about 107 feet south of such place. The poles in the west line were 122 feet apart and in the east line 156 feet apart.

Plaintiff's witness Christensen was driving a truck south on Highway 75 and was some 900 to 1,000 feet north of the crossing at the time of collision. This may be the truck plaintiff heard. Christensen observed the train near the whistling post when he was about 2,200 feet north of it. He saw the smoke before he observed the train. Christensen recognized plaintiff's car as it turned off the pavement to the west about the time he first saw the train.

Of course there is other evidence but the above is a sufficient summary of the testimony most favorable to plaintiff that bears on the issue of freedom from contributory negligence. Ordinarily such issue is for the jury. However, where a plaintiff's contributory negligence is so palpable that reasonable minds may fairly reach no other conclusion, the question becomes one of law for the court. See Nurnburg v. Joyce, 232 Iowa 1244, 1252, 1253, 7 N. W. 2d 786, 791; Hines v. Chicago, M. & St. P. Ry. Co., 196 Iowa 109, 116, 194 N. W. 188, 191; Lutz v. Davis, 195 Iowa 1049, 1052, 192 N. W. 15, 17; Yanaway v. Chicago, R. I. & P. Ry. Co., supra, 195 Iowa 86, 89, 190 N. W. 21. Here we think plaintiff was contributorily negligent as a matter of law.

From the time plaintiff left Highway 75 his view of the

track to a point beyond the whistling post was clear and unobstructed except perhaps for the telegraph poles. Even the poles did not obstruct such view when he says he looked south a second time. He was then 47 feet from the crossing and moving only 4 or ·5 miles an hour. The track remained in plain view until the collision occurred.

The conclusion is unavoidable that when plaintiff says he looked south the second time, the train was in plain sight. Plaintiff was under the duty to exercise reasonable care to look for approaching trains and to see what was clearly visible. If, as he says, plaintiff did not see the train, it must be for the reason he did not look as he claims he did. His failure, whether to look or to see what was in plain sight, must be deemed contributory negligence.

Among the decisions which support our conclusion are: Russell v. Scandrett, 225 Iowa 1129, 281 N. W. 782; Meier v. Chicago, R. I. & P. Ry. Co., 224 Iowa 295, 275 N. W. 139; Cashman v. Chicago, B. & Q. R. Co., 217 Iowa 469, 250 N. W. 111; Sodemann v. Chicago, M., St. P. & P. R. Co., 215 Iowa 827, 244 N. W. 865; Yanaway v. Chicago, R. I. & P. Ry. Co., supra, 195 Iowa 86, 190 N. W. 21; Landis v. Inter-Urban Ry. Co., 166 Iowa 20, 147 N. W. 318.

In all the cases just cited plaintiff was held guilty of contributory negligence as a matter of law. Such conclusion here seems more clearly unavoidable than in any of the cited decisions. In few if any of our numerous railroad-crossing cases was there such a clear view of the track together with absence of diverting circumstances and a plaintiff so familiar with the crossing.

Of the cited decisions perhaps Russell v. Scandrett and Yanaway v. Chicago, R. I. & P. Ry. Co. are most clearly in point. In the Russell case plaintiff was a passenger and not the driver of the truck that collided with the train after turning to cross the track from a highway that paralleled it. As a passenger he was not required to exercise the same degree of vigilance in looking and listening as required of the driver. Frideres v. Lowden, 235 Iowa 640, 648, 17 N. W. 2d 396, 400, and citations.

Coonley v. Lowden, 234 Iowa 731, 12 N. W. 2d 870; Markle v. Chicago, R. I. & P. Ry. Co., 219 Iowa 301, 257 N. W. 771; Bush v. Chicago, R. I. & P. Ry. Co., 216 Iowa 788, 247 N. W. 645, and earlier cases cited by plaintiff are not in point. In each there was substantial evidence that the view of the track was obstructed "so as to render it impossible or difficult to learn of the approach of a train" or evidence of diverting circumstances which would tend to throw a person off his guard. In general we have held that where the view of the crossing is so obstructed or there are such diverting circumstances the question of contributory negligence is for the jury. But where the view of the crossing is unobstructed and there are no diverting circumstances a plaintiff, especially one who is familiar with the crossing, is ordinarily denied recovery on the ground of contributory negligence.

Defendants' motion for directed verdict should have been sustained on the ground of contributory negligence. Their motion under Rule 243(b) for judgment notwithstanding verdict, on the same ground, was also good. Since it appears from the record that the material facts relating to the issue of contributory negligence were fully developed at the trial and in our opinion the ends of justice would not be served by awarding a new trial, the trial court is directed, pursuant to Rule 349, to enter judgment for defendants as if one or the other of said motions had been initially sustained. See Olson v. Hodges, 236 Iowa 612, 627, 628, 19 N. W. 2d 676, 684, 685.— Reversed and remanded.

All JUSTICES concur.