PAUL T. BEARDSLEY, Appellee, v. OTIS HOBBS et al., Appellants.

No. 47348.

(Reported in 34 N. W. 2d 916)

DECEMBER 14, 1948.

Page & Nash, of Denison, for appellants.

John D. Beardsley, of Onawa, for appellee.

OLIVER, J.—The collision was in the intersection of Walnut Street, Salix, Iowa, and U. S. Primary Highway 75. Walnut Street runs east and west. It is not paved. Highway 75 has a paved slab eighteen feet wide. At this point it runs in a northerly direction. A short distance to the north it curves to the right (east), then to the left for a few hundred feet. The terrain is level. The only building at or near the Walnut Street intersection is an automobile service station immediately to the north and east. Plaintiff's Buick automobile, driven by his son James, had stopped at this service station at about 8:30 p. m. of May 30 and was traveling west across the pavement at the Walnut Street intersection when it was struck on the right side by a south bound pickup truck owned by defendant Otis Hobbs and driven by his son, defendant John Hobbs.

Plaintiff brought action for damages to his automobile. Defendants counterclaimed for damages to the truck and personal injuries to John Hobbs. The record recites the trial court dismissed the counterclaim and granted judgment for plaintiff against defendants in the sum of $1150. Defendants made no motion for judgment or new trial. Upon appeal they merely challenge the sufficiency of the evidence to show (1) their neg-

ligence and (2) plaintiff's freedom from contributory negligence. I. Plaintiff contends these assigned errors cannot be considered upon appeal because the propositions were never presented to nor passed upon by the trial court. This court has not decided this question under the recently adopted Rules of. Civil Procedure. Decisions under prior statutes are of little assistance. Rule 179, Rules of Civil Procedure, provides that the court trying an issue of fact without a jury shall make written findings of fact and conclusions of law, which findings may be enlarged or amended on motion joined with or filed within the time allowed for a motion for new trial, and states:

"But a party, on appeal, may challenge the sufficiency of the evidence to sustain any finding, without having objected to it by such motion or otherwise."

It is generally important that at least parts of the findings of fact and conclusions of law of the trial court be shown in the record on appeal. The record here does not show the trial court made written findings of fact or separate conclusions of law as required by Rule 179. However, this court secured the original judgment entry from the clerk of the district court. After a preliminary statement of the facts and the issues, it recites:

"There is no serious dispute in the evidence as to the circumstances attending the collision. James Beardsley and his companion testified to stopping for gasoline at a filling station located at the intersection. They left the filling station and moved a short distance to the highway and there stopped before entering on the pavement. Their speed on the pavement was two or three miles per hour. Young Hobbs confirmed Beardsley in saying that the Beardsley car was proceeding at 'creeping speed' at the time of the collision. Hobbs said he was driving 40 to 45 miles per hour but did not see the Beardsley car until about to collide; that Hobbs' car struck head on into the side of the Beardsley car. There is nothing in the record to indicate that the Beardsley boy was not operating with due care. On the other hand, the conclusion is inescapable that the Hobbs car was being driven without adequate lookout and at an exces-

sive speed under the circumstances, and that the collision was caused by the negligence of young Hobbs."

(The next paragraph concerns damages.)

"The court makes the foregoing its findings."

(The final paragraph directs the judgment.)

Although the findings of fact and conclusions of law are not separately designated they are sufficiently separated. See Rank v. Kuhn, 236 Iowa 854, 855, 20 N. W. 2d 72. Under Rule 179, Rules of Civil Procedure, it is clear defendants have the right, upon appeal, to challenge the sufficiency of the evidence to sustain the questioned findings. Whether they would have had such right in the absence of findings need not be determined.

This being an action at law the issues are not triable de novo on appeal. The findings have the effect of a special verdict. Rule 334, Rules of Civil Procedure. The only question is whether there is substantial support for them in the record, viewed in the light most favorable to plaintiff.

II. Defendants contend there was no evidence of negligence on their part. One specification of negligence which the court found was sustained by the record was the failure of defendant John Hobbs to keep a proper lookout. John testified, "I first saw the Beardsley automobile just before I hit it." His excuses for his failure to sooner see plaintiff's lighted car were that it was "just at dusk, at that time when lights don't seem to do much good" and that while the truck was rounding the curve the rays from its headlights went to the right and did not illuminate the pavement ahead. The trial court was not required to accept these excuses. The record would support a finding the lights of the truck did reveal the car as soon as the truck rounded the curve. Moreover, plaintiff's car also was lighted. It is not contended John's view of these lights was obstructed. Apparently they were continuously visible from the truck even before it entered the curve. This circumstance alone was sufficient to support the factual finding of failure to keep a proper lookout.

The trial court found also the Hobbs car was being driven at an excessive speed under the circumstances. One of

the specifications of negligence charged excessive speed. Section 321.285, Code of Iowa, 1946, is the general statute restricting the speed of motor vehicles on highways. Another specification charged failure to have the truck under control and to reduce its speed as it rounded the curve in the highway and approached the intersection. It was traveling in a suburban district where the statutory speed limit was 45 miles per hour. Defendant John Hobbs testified he was driving it 40 or 45 miles per hour. There was no evidence he reduced its speed as it rounded the curve and approached the intersection. Code section 321.288 requires that at such times the operator "shall have the same under control and shall reduce the speed to a reasonable and proper rate." The statute does not necessarily demand a reduction of speed, but only a reasonable and proper speed under existing circumstances. Smith v. Pine, 234 Iowa 256, 264, 12 N. W. 2d 236, and cases cited.

We have already referred to evidence the headlights of the truck did not illuminate the pavement ahead while the truck was traversing the curve and did not illuminate the intersection until the truck rounded the curve. Obviously, a rate of speed which might otherwise be reasonable and proper might be excessive and negligent if visibility was bad. We have not attempted to detail all the circumstances shown in the record. The trier of facts found the speed was excessive under the circumstances so shown. This finding is supported by the record and will not be disturbed.

III. Defendants contend the record shows James Beardsley, the operator of plaintiff's car, was guilty of contributory negligence as a matter of law. There was evidence he stopped the Buick automobile at the intersection about a foot east of the east edge of the pavement; that he looked south and north, saw the lights of defendants' truck as it approached from the north; that "it wasn't quite to the curve" and he thought he had "plenty of time" to drive across the pavement and attempted to do so and that the Buick was struck while it was in the west half of the intersection.

Code section 321.321, states:

"Entering through highways. The driver of a vehicle shall

stop as required by this chapter at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute a hazard, but said driver having so yielded may proceed cautiously and with due care enter said through highway."

 This and similar sections have been considered in many decisions. However, it is a rare circumstance to find two cases of this nature identical in their facts. If fair-minded and reasonable men would differ on the factual question whether one was guilty of contributory negligence that question is for the trier of the facts. In Shutes v. Weeks, 220 Iowa 616, 262 N. W. 518, plaintiff stopped 8 to 15 feet before entering the boulevard. Holding contributory negligence was a question of fact under the circumstances, the decision distinguishes that case from Hittle v. Jones, 217 Iowa 598, 250 N. W. 689 (cited by defendants in the case at bar) pointing out plaintiff in the Hittle case stopped and looked 40 feet before reaching the highway and did not thereafter look.

In another decision relied upon by defendants, Davis v. Hoskinson, 228 Iowa 193, 290 N. W. 497, plaintiff drove into the highway intersection without stopping, saw defendant's approaching car and instead of stopping attempted to speed across the highway.

In Cowles v. Joelson, 226 Iowa 1202, 1207, 286 N. W. 419, 421, plaintiff saw defendant's automobile about 150 feet distant. The decision quotes with approval from Hartman v. Red Ball Transp. Co., 211 Iowa 64, 233 N. W. 23, which held contributory negligence was a question of fact, and states:

"* * * Although appellant relies upon a different statute than that involved in the Hartman case, the duty in this case as well as that one was to yield the right of way to a vehicle approaching so closely as to constitute a hazard."

In the case at bar plaintiff testified he saw the lights of the truck and thought he had ample time to drive across the pavement. Wagner v. Kloster, 188 Iowa 174, 182, 175 N. W. 840, 843, states:

"* * * If Collins, as a reasonable, cautious, and prudent man, believed that he would be able to drive over the intersection before the defendant reached it with his automobile, then he was not negligent in undertaking to do so * * *."

See also note in 14 Iowa L. Rev. 348; Tinley v. Chambers Imp. Co., 216 Iowa 458, 463, 249 N. W. 390.

Reference to other decisions is unnecessary. We conclude there is substantial support in the record for the finding of the trial court that the operator of plaintiff's car was not guilty of contributory negligence.—Affirmed.

All JUSTICES concur.