LYNN L. HOWIE, appellant, v. RYDER & McGLOUGHLIN et al., cross-appellants.

No. 48119.

(Reported in 58 N.W.2d 389)

DECEMBER 16, 1952.

OPINION ON REHEARING MAY 5, 1953.

William T. Connery and O'Connor, Thomas, McDermott & Wright, all of Dubuque, for plaintiff-appellant.

Kenline, Roedell, Hoffman & Reynolds, of Dubuque, for defendant-cross-appellants.

HAYS, J.—This opinion supersedes that in 56 N.W.2d 142. A rehearing was granted on this appeal and the opinion therein is set aside.

Plaintiff obtained judgment for damages arising out of a collision between his car and defendants' truck. Defendants' motion for a judgment notwithstanding the verdict was overruled but their motion for a new trial was sustained. Both parties have appealed.

I. Defendants' cross-appeal presents the single issue as to

plaintiff's freedom from contributory negligence, and will first be examined.

The collision occurred in a suburban district of Dubuque, Iowa, at the junction of highway 20 and Fremont Avenue. Both are paved. Highway 20 is 18 feet wide and runs east and west. Fremont Avenue is 36 feet wide where it joins the highway, and runs southwest at an angle of about 45 degrees. On the south shoulder of the highway and 52 feet west of the west curb of Fremont Avenue is a regular "Speed Limit 20" sign. Forty-four feet farther west is a "Traffic. Signal Ahead" flasher signal. On Fremont Avenue, where it joins the highway, is a "Stop" sign and also a street light. Both the flasher signal and street light were lighted at the time in question.

On September 21, 1949, about 7:30 p.m., plaintiff was driving a Packard car, weight about 3700 pounds. Defendant Shaffer was driving a Dodge ton-and-a-half truck, weight about 7200 pounds and of a grayish color. Both were proceeding east on the highway. It was dark but clear and the pavement dry. Just as the truck reached the junction with Fremont Avenue and while in the act of turning right thereon, plaintiff's car hit the right rear end thereof, with the resulting damages. At the time of the collision a car driven by a Mr. Hahlan had stopped at the sign on Fremont Avenue, prior to entering upon the highway. Its lights were lighted. After the collision the plaintiff's car was headed southeast on Fremont Avenue in an almost demolished condition. Defendants' truck was some 19 feet east of the west curb of Fremont Avenue, and the Hahlan car had been shoved east and south some 35. feet and onto the east curb of Fremont Avenue. As to the foregoing facts there is little, if any, dispute in the record.

As to other parts of the record there is a conflict. Plaintiff states that he was driving about 60 miles per hour as he approached from the west and observed the flasher signal; that he removed his foot from the gas feed and his car had slowed to 40 miles per hour as he passed the signal. His headlights were on and lighted the entire pavement in front for a distance of from 300 to 500 feet; that he was constantly watching the road ahead; that he then saw the front right side of the truck as it

crossed over onto the right lane of the highway. He set his brakes, skidded the wheels for 50 feet, and hit the right rear end of the truck as he tried to pass it on the right side. He states he observed no speed signs along the south shoulder of the highway and saw no lights on the truck. He estimates his speed as 20 miles per hour at the time of the impact, basing same upon the force thereof.

Riding in the rear seat of plaintiff's car were four Loras College students. One of them, William Ward, was a witness for plaintiff. He states that he saw no lights or reflectors on the truck; that he saw the truck just before the impact and that it was straddling the center mark on the highway. He places the speed at 40 miles per hour as they passed the flasher signal.

Police officers, who arrived at the scene within minutes after the collision, state that there were heavy tire skid marks extending back on the highway for 90 feet from the point of impact.

Mrs. Hahlan, who was in the Hahlan car, said that she observed the truck as it approached the junction; its headlights were lighted and it was at all times in the south or right-hand lane of the highway. She saw plaintiff's car approaching at a speed estimated at 70 to 80 miles per hour; stated that when plaintiff's car hit the truck it upended the rear end thereof, throwing it into the side of their car. Mr. Hahlan's testimony is similar except that he places plaintiff's speed at 60 miles per hour.

James Howland, also an occupant of plaintiff's car, states that prior to the accident they had told plaintiff not to drive so fast; that he saw the truck when it was about 300 feet ahead and that it was in the south lane of the highway; someone in the back seat shouted to "watch out for the dump truck" and then they crashed.

Defendant Shaffer testified that just shortly before the accident he had unloaded garbage at a place west on the highway. At that time he checked his lights and reflectors and they were all right; that as he approached the junction he intended to turn right onto Fremont Avenue. He slowed to about five miles per hour, signalled intention to turn, and was at all times in the south lane of the highway. He saw in his rear-vision mirror

the lights of an approaching car, and then he was hit. Robert Voels, riding with Shaffer, testified to about the same facts.

The above facts represent a fair statement of the record. Do they show plaintiff to be guilty of contributory negligence as a matter of law?

 Contributory negligence, as recognized in this state, is "any negligence upon the part of the plaintiff which contributed in any way or any degree directly to the injury or damages sustained." Smith v. Pine, 234 Iowa 256, 264, 12 N.W.2d 236. Where there is a conflict in the evidence the question of contributory negligence is one for the jury, except where under the whole record plaintiff's contributory negligence is so palpable that reasonable minds may fairly reach no other conclusion, the question becomes one of law for the court. Kinney v. Larsen, 239 Iowa 494, 31 N.W.2d 635; Thompson v. Waterloo, C. F. & Nor. R. Co., 243 Iowa 73, 50 N.W.2d 363. In considering this question, the undisputed physical facts may nullify direct testimony. Fraser v. Brannigan, 228 Iowa 572, 293 N.W. 50; Stevens v. Gear, 240 Iowa 1348, 39 N.W.2d 408.

 From the above record the following conclusions are inescapable: The collision occurred in a 20-mile speed zone; the plaintiff's car lights lighted the entire highway ahead for "300 to 500 feet", according to his own statement; the truck was at all times on the pavement ahead of plaintiff's car, irrespective of which lane it may have been in, yet plaintiff did not see it until within 75 feet thereof; plaintiff skidded the tires of his car for a distance of 90 feet in an attempt to stop, and then hit the truck with sufficient force to practically demolish his own car, upend the 7200-pound truck, and force it some 19 feet into the Hahlan car, which in turn was shoved back about 35 feet. Upon no reasonable hypothesis can it be said that plaintiff was not negligent—be it speed, failure to maintain proper lookout or the assured-clear-distance-ahead rule; and that such negligence "in some way or degree contributed directly to the damages sustained." We hold the trial court erred in overruling defendants' motion for a judgment notwithstanding the verdict.

II. Plaintiff's appeal is from the order of the trial court granting a new trial. In view of our holding under Division I

herein such order is now a moot question and plaintiff's appeal is dismissed.

For the reasons above set forth the judgment of the trial court is reversed and the cause remanded for judgment in accordance with Division I hereof.—Reversed on defendants' cross-appeal.

WENNERSTRUM, MULRONEY, THOMPSON, and LARSON, JJ., concur.

BLISS, OLIVER and GARFIELD, JJ., dissent and would affirm on both appeals.

SMITH, C. J., takes no part.