DAVID J. MILLER, appellee, v. ISAAC W. GRIFFITH, appellant.

No. 48505.

(Reported in 66 N.W.2d 505)

OCTOBER 19, 1954.

REHEARING DENIED JANUARY 14, 1955.

Jones, Cambridge & Carl, of Atlantic, and A. H. Bolton, of Sioux City, for appellant.

J. R. McManus, of Des Moines, and Whitmore & Gaffney, of Atlantic, for appellee.

HAYS, J.—Suit for damages arising out of a collision between two automobiles being driven by plaintiff and defendant. Each asks damages against the other based upon negligence. From a verdict and judgment for the plaintiff, the defendant has appealed.

The collision occurred on a bright, clear day at the intersection of Highway No. 6 and County Road No. 67, Cass County, Iowa. At this point the highway runs east and west, while the road runs approximately north and south. Plaintiff, driving a 1950 Buick, was going west on No. 6. Defendant, driving a 1934 Ford, was approaching No. 6 from the north on No. 67. Each had an unobstructed view and each saw the other approaching the intersection. The testimony places the speed of plaintiff's car between 50 and 65 miles per hour. The speed of defendant's car was between 5 and 10 miles per hour. While there is a dispute as to whether or not the defendant's car came to a complete stop as it reached No. 6, it is clear that to all practical purposes it did so.

Defendant testified that as he approached No. 6 from the north he looked to the east and saw plaintiff's car coming at fast speed. He stopped and then proceeded onto the pavement in a southeasterly direction and was astride the center line at the time of the collision. He at no time attempted to stop after reaching the pavement. Plaintiff's testimony is that he saw defendant's

car coming from the north when he was between a quarter and a half a mile to the east of the intersection. He observed it come to a virtual stop; that it then pulled onto the highway in a diagonal direction which placed it in the right or north lane. To avoid a head-on collision he swerved his car to the left lane but could not avoid hitting it. The right front of plaintiff's car struck the right front of defendant's car and then crashed into an abutment to the southwest. Plaintiff sustained serious and permanent injuries and his car was demolished.

Ten propositions are assigned as a basis for a reversal. At the outset, and speaking personally and perhaps not for the other members of the court, the writer desires to say that appellant's brief and argument shows little, if any, attempt to comply with rule 344, R. C. P., and but for the serious injuries sustained by the plaintiff and the size of the judgment against the defendant, $25,000, it would be his inclination to dismiss the appeal.

I. Error is asserted in the failure to direct a verdict. The motion is based entirely upon the issue of plaintiff's contributory negligence as a matter of law. There are no brief points, but in the argument reference is made to various parts of the record dealing with the conduct of the plaintiff and then comes the general statement that "under the testimony, the physical facts, the speed, the visibility and all other circumstances shown, plaintiff was guilty of contributory negligence as a matter of law."

██ Contributory negligence and proximate cause are strictly issues of fact and ordinarily are for the jury except where, under the entire record, plaintiff's contributory negligence is so palpable that reasonable minds may fairly reach no other conclusion, and the question becomes one of law for the court. Kinney v. Larsen, 239 Iowa 494, 498, 31 N.W.2d 635; Howie v. Ryder & McGloughlin, 244 Iowa 861, 865, 58 N.W.2d 389. While we have not set forth the record at length, an examination thereof shows a situation upon which reasonable minds might well differ. It was properly submitted to the jury. The assignment is without merit.

██ II. It is claimed the court erred "in overruling defendant's objections to the testimony offered by witnesses Arthur Dickson, Aloysius Galowitsch, David J. Miller, and Gerald T. Kroger, on the grounds specifically stated in each objection."

There are no brief points and the only authorities cited are "Wigmore on Evidence; Jones on Evidence; Chamberlain on Evidence." The argument sets forth some 70 questions, objections interposed, and in most cases the answers of the witness. No attempt is made at pin pointing any question, or any objection the overruling of which was error. Such assignment of error merits no consideration and none is given. Patterson v. Wuestenberg, 239 Iowa 658, 32 N.W.2d 209; Broadston v. Jasper County Sav. Bk., Inc., 244 Iowa 1161, 58 N.W.2d 309.

III. Appellant requested the court to instruct the jury: "* * * if defendant stopped before entering the highway intersection in question, and, acting as a reasonably prudent and careful man, believed that any car coming from the left would travel in the north lane of the highway and at a reasonable rate of speed, and believed as a reasonably prudent and careful man that he had time and opportunity to turn to the left and enter the south lane of traffic on said highway without hazard, and if, acting as a reasonably prudent and careful person, he did so believe, then he would not be guilty of negligence." The trial court noted, "Given in substance." In Instruction No. 6 the court stated the substance of the statute dealing with meeting at intersections, and then stated: "* * * if you find that the defendant on approaching and entering the intersection exercised reasonable care and caution to keep a proper lookout and that under all of the circumstances then existing the danger of collision with the vehicle of plaintiff was not to be reasonably apprehended, then he would not be negligent." We think the instruction properly protected defendant and find no error. Barnes v. Barnett, 184 Iowa 936, 169 N.W. 365; Tinley v. Chambers Implement Co., 216 Iowa 458, 249 N.W. 390.

IV. The following instruction was requested and refused by the court, "No feeling of either sympathy or ill will should be permitted to in any way influence you in arriving at a verdict. It is the right of each party to the action to have the case decided absolutely upon the facts and the law regardless and independently of any other consideration whatsoever." The court in Instruction No. 29 said in part: "* * * in deliberating upon your verdict you are not to consider nor discuss any matter

outside the evidence and these instructions, but base your verdict solely upon the evidence and the law as here given * * *."

Appellant relies upon Chapman v. Pfarr, 145 Iowa 196, 204, 123 N.W. 992, 995, wherein it was held error in refusing to give such an instruction. In that case the plaintiff had sustained serious injuries and his wife and three children were killed. The court reversed the case on the basis of excessive damages, and in the opinion stated that "it must have been apparent to the court that this was a case likely to appeal very strongly to the sympathies of the jurors, and in which, owing to the rules of law limiting plaintiff's recovery * * *, the jury, if they found for plaintiff on the issues of negligence, would be likely to feel an inclination to award a much larger amount than the evidence would justify." We do not think the facts in the instant case bring it within the situation found in the cited case. Furthermore, it is stipulated that the award is not excessive. We find no error, although the instruction might well have been given.

V. Appellant states that the court erred in the statement of issues and in giving Instructions No. 6 and No. 7 over the objections and exceptions of the defendant. There are no brief points or reference to the record by page and line. We are unable to find where exception was taken to No. 6.

In the statement of issues the court submitted among the grounds of negligence, "failure of the defendant to have his vehicle under proper control." In Instruction No. 7 the court told the jury the law applicable when approaching and traversing an intersection; that it was the duty of the defendant to have his car under control and to observe the law; that if defendant failed to have his car under control so as to be able to increase or decrease its speed, change its course or bring it to a stop with a reasonable degree of celerity, he would be negligent. The instruction is correct as an abstract legal proposition but is not proper in the instant case as no such issue as the lack of control by defendant over his car is presented here. It is undisputed that defendant brought his car to a virtual stop as he approached the highway. It then proceeded onto the pavement at a speed of not more than five miles per hour. Defendant states that he could have stopped any time but made no effort to do so. The injection of this issue into the case is clearly error under our

482

holding in Ryan v. Trenkle, 199 Iowa 636, 200 N.W. 318. See also Simanek v. Behel, 232 Iowa 1150, 7 N.W.2d 792.

■ VI. Instruction No. 10 is assailed. Again, no reference to the page where the exception may be found and no brief points stating wherein the same is incorrect. In the argument it is stated that the trial court failed to instruct that if the plaintiff was negligent in any manner such would bar his recovery, and eliminated all other grounds of contributory negligence by instructing the jury on the law as to the lack of control by a driver.

A reading of the instruction shows that the court correctly instructed that any negligence upon the part of plaintiff which in any manner contributed to his injury would bar a recovery. The court then proceeded to instruct as to what was meant by "proper control." The instruction deals entirely with the issue of contributory negligence. One cannot read this record without the realization that the question of the plaintiff's control over his car is a vital question upon this issue. We fail to see wherein defendant has been prejudiced by this instruction.

■ VII. Instruction No. 9 dealt with the question of sudden emergency. The objection interposed was that it injected into the case an issue not pleaded or proven. The issue was clearly presented by the testimony of the plaintiff and is in the case, even though not pleaded. Under such a situation it was the duty of the court to instruct thereon. McKeever v. Batcheler, 219 Iowa 93, 257 N.W. 567; Sanford v. Nesbit, 234 Iowa 14, 11 N.W. 2d 695.

■ VIII. Complaint is made because the court failed to instruct on "last clear chance." This issue was raised by defendant in his counterclaim. We find no request for such an instruction. Also, the jury having found for the plaintiff, failure to instruct is not error. Fagen Elevator v. Pfiester, 244 Iowa 633, 56 N.W.2d 577.

■ IX. Error is assigned in the refusal of the court to withdraw the question of damage to plaintiff's automobile. There are no brief points and no reference as to where in the record this matter may be found. We do not consider this question.

X. Appellant asserts error in the submission of the matter of damages for future loss of earning capacity of the plaintiff in

the manner covered by the instructions in relation thereto. There are no brief points; no reference to the record by page and line; as to authorities it is said "defendant refers to the authorities already stated in relation to the instructions of the court in the trial of cases for the authority upon which this complaint is made." We do not consider this assignment and again wish to call attention to the existence of rule 344, R. C. P.

For the reasons announced in Division V hereof the judgment must be reversed.—Reversed and remanded.

BLISS, WENNERSTRUM, SMITH, THOMPSON, and LARSON, JJ., concur.