LAWRENCE W. REICH, appellant, v. FRANCES L. MILLER, appellee.

No. 51720.

(Reported in 135 N.W.2d 651)

June 8, 1965.

Paul W. Deck and Robert J. Larson, both of Sioux City, for appellant.

John W. Gleysteen and William E. Kunze, both of Sioux City, for appellee.

Peterson, J.—This case involves an intersection accident wherein the plaintiff brought an action to recover damages sustained when the plaintiff, while operating his car, was involved in an accident with an automobile operated by defendant. The accident occurred at the intersection of Jennings Street, running north and south, and Twelfth Street, running east and west, in Sioux City, Iowa. Plaintiff alleged certain acts of negligence on the part of defendant, which defendant denied and defendant also denied that plaintiff was free from contributory negligence.

Plaintiff was driving his car in a northerly direction on Jennings Street and defendant was driving his automobile in a westerly direction on Twelfth Street. The case proceeded to trial

before a jury and at the close of plaintiff's evidence the defendant's motion for a directed verdict was sustained by the trial court and the jury was instructed to enter a verdict in favor of defendant on the basis that plaintiff was guilty of contributory negligence as a matter of law in failing to yield the right-of-way in traversing an intersection. Plaintiff appealed.

Plaintiff testified as he was entering the intersection of Jennings Street and Twelfth Street from the south he looked to the right and saw defendant's car driving west on Twelfth Street about 150 feet away. He then looked to the front as it was a route for school children. When he looked again defendant's car was about to hit his car.

Plaintiff's estimate of defendant's speed was 35 to 40 miles per hour. He said his own speed was 15 to 20 miles per hour. Plaintiff was wrong as to speed or distance. Plaintiff had about 35 feet to go to cross the intersection. If defendant drove 150 feet while plaintiff drove 35 to 40 feet, he was going about 75 miles per hour. If defendant was only traveling 35 to 40 miles per hour, plaintiff had ample time to cross the intersection and leave Twelfth Street behind. Something was wrong, but the only testimony we have in the record is plaintiff's. Appellant states in the record there were other witnesses to the accident, but their testimony is not shown. This was a mistake. We might have received helpful information from such evidence.

The question is whether plaintiff was guilty of contributory negligence as a matter of law, or should the question be submitted to the jury? In considering a directed verdict plaintiff is entitled to have evidence considered in light most favorable to him. In the absence of more evidence as to what happened from other witnesses, or the defendant, the situation is very doubtful as to plaintiff being guilty of contributory negligence as a matter of law. The criterion is whether two or more reasonable minds would differ as to whether plaintiff was guilty of contributory negligence. On the present state of the record there is a question of serious doubt. Under such conditions the court should have heard all the evidence and submitted the question to the jury.

Normally, the question of contributory negligence is sub-

mitted to the jury to be decided as a question of fact by the jury. Brown v. Guiter, 256 Iowa 671, 128 N.W.2d 896; Perry v. Eblen, 250 Iowa 1338, 98 N.W.2d 832; Peterschmidt v. Menke, 249 Iowa 859, 89 N.W.2d 152; Miller v. Griffith, 246 Iowa 476, 66 N.W.2d 505; Pestotnik v. Balliet, 233 Iowa 1047, 10 N.W.2d 99; Davidson v. Vast, 233 Iowa 534, 10 N.W.2d 12; Beardsley v. Hobbs, 239 Iowa 1332, 34 N.W.2d 916.

It is difficult to find two state of facts in collision cases at intersections that are identical. This is true with reference to the case at bar. However, we find some decisions by this court pertaining to cases which are somewhat the same.

We must consider and keep in mind the statutory provision pertaining to the matter of right-of-way which is section 321.319, 1962 Code of Iowa, as follows: "Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way."

We have held, however, that the right-of-way statute as to passage of cars at intersections is not an absolute right, but is a relative right. Jacobson v. Aldrich, 246 Iowa 1160, 1164, 68 N.W.2d 733. Our statement is as follows:

"Certainly the defendant had the directional right of way. This is not an absolute right, but relative. It is qualified by section 321.288, Code of Iowa, 1950, which so far as material says: 'The person operating a motor vehicle * * * shall have the same under control and shall reduce the speed to a reasonable and proper rate: * * * 3. When approaching and traversing a crossing or intersection of public highways * * *.'

"There is additionally the duty of all parties to exercise reasonable care to keep a proper lookout at all times, particularly when approaching and traversing an intersection. As in all cases, this duty is in proportion to the danger reasonably to be anticipated."

Ordinarily, where the party has been held contributorially negligent as a matter of law in failing to yield the right-of-way to a car approaching from the right the question of improper lookout is involved. In such cases either the plaintiff did not look to ascertain if there would be danger of a collision or looked

and failed to see what was in plain sight. Such cases were Beezley v. Kleinholtz, 251 Iowa 133, 100 N.W.2d 105; Peterschmidt v. Menke, 249 Iowa 859, 89 N.W.2d 152; Olson v. Truax, 250 Iowa 1040, 97 N.W.2d 900.

This is not the situation however in the case at bar. Plaintiff testified, as above outlined in detail, that as he approached the intersection he took a quick glance to the left and saw there were no vehicles approaching; then he looked to his right and discovered defendant's approaching automobile. Defendant's car however was about one-half block, or 150 feet to his right, which gave him more than sufficient time and space to go through the intersection and proceed north on Jennings Street.

Plaintiff testified he assumed that he had time to get through the intersection. This is a state of mind with reference to which plaintiff had a right to testify. Brown v. Guiter, 256 Iowa 671, 128 N.W.2d 896; Shuck v. Keefe, 205 Iowa 365, 218 N.W. 31. In the Shuck case the court held that a jury case was presented as to plaintiff's contributory negligence where plaintiff testified he saw the defendant approaching from the right, 100 feet away and he assumed he had time to cross. The court said that it could not be said as a matter of law that his assumption was unreasonable.

In the Jacobson case, supra, on page 1165 of 246 Iowa, the court said: "He who looks to his right and sees no vehicle approaching within a distance which could be covered at a lawful and prudent speed so as to cause a collision at the intersection is not guilty of contributory negligence as a matter of law if he assumes there is no danger of such an accident. This rule applies also if he sees a car approaching on his right, but at such a distance a lawful speed would not bring it to the intersection in time to cause a collision."

The question of whether the matter of contributory negligence was a question for the jury is discussed at considerable length by Judge Bliss in Lawson v. Fordyce, 234 Iowa 632, 644, 12 N.W.2d 301. The case was a little different from the ordinary automobile case because it involved one of the parties leading a cow and whether plaintiff was guilty of contributory negligence when he was leading such cow on the right-hand side of the

highway. Judge Bliss said in the opinion: "Negligence to be contributory must have a proximate causal relation to the injury. Whether it has or has not is ordinarily a question for the jury. Carlson v. Meusberger, 200 Iowa 65, 71, 73, 204 N.W. 432; Lane v. Varlamos, 213 Iowa 795, 799, 239 N.W. 689 [together with four other citations]."

The case of Falt v. Krug, 239 Iowa 766, 774, 32 N.W.2d 781, was an intersection collision case. The trial court directed a verdict for defendant. Judge Mantz in writing the opinion for this court quoted from the case of Fitter v. Iowa Telephone Co., 143 Iowa 689, 693, 121 N.W. 48, as follows: "Proximate cause and contributory negligence are questions for the jury, save in very exceptional cases where the facts are so clear and undisputed, and the relation of cause and effect so apparent to every candid mind, that but one conclusion may be fairly drawn therefrom."

The case of Short v. Powell, 228 Iowa 333, 335, 291 N.W. 406, was an intersection collision case with some similarities to the case at bar. We said in the case: "Whether the court was in error in deciding the case as a matter of law, or whether it should have submitted the case to the jury for determination, is before us on this appeal. We have so frequently held as to require no citation in its support, that where reasonable minds may reach different conclusions from the facts presented, the case is one for the jury."

The case of Beardsley v. Hobbs, 239 Iowa 1332, 1337, 34 N.W.2d 916, 918, was an intersection collision case occurring near Salix, Iowa. We again said: "If fair-minded and reasonable men would differ on the factual question whether one was guilty of contributory negligence that question is for the trier of the facts."

Hutchins v. LaBarre, 242 Iowa 515, 531, 47 N.W.2d 269, was an intersection collision case in the residential section of Algona. It had many facts somewhat similar to the facts in the case at bar. After outlining the facts we stated: "We think, under the circumstances of this case, that it was a question of fact for the jury to say whether Mitchell's failure to look to the north proximately contributed to the accident, and not a matter

to be summarily disposed of as a question of law. The judgment of the court below is reversed."

The case of Miller v. Griffith, 246 Iowa 476, 479, 66 N.W.2d 505, was an intersection collision case in Cass County. The case was submitted to the jury, but appellant insisted the question of contributory negligence should be decided against defendant as a matter of law. We stated: "Contributory negligence and proximate cause are strictly issues of fact and ordinarily are for the jury except where, under the entire record, plaintiff's contributory negligence is so palpable that reasonable minds may fairly reach no other conclusion, and the question becomes one of law for the court. Kinney v. Larsen, 239 Iowa 494, 498, 31 N.W.2d 635; Howie v. Ryder & McGloughlin, 244 Iowa 861, 865, 58 N.W.2d 389. While we have not set forth the record at length, an examination thereof shows a situation upon which reasonable minds might well differ. It was properly submitted to the jury. The assignment is without merit."

 Under the facts of the instant case it could not be said that reasonable minds would agree on the matter of plaintiff having been guilty of contributory negligence. The trial court was in error in directing a verdict in favor of defendant on such basis. The case is reversed.—Reversed.

All JUSTICES concur except STUART and THOMPSON, JJ., who dissent.

STUART, J.—I respectfully dissent. I do not believe reasonable men could arrive at any conclusion except that plaintiff's conduct was negligent and contributed to the accident. At the risk of unduly extending this dissent, I intend to quote the very brief record to avoid any tendency to understate plaintiff's case. Plaintiff was the only witness who testified on this issue.

Defendant had the directional right-of-way under section 321.319, Code of Iowa, quoted in the majority opinion. Plaintiff did not stop or yield the right-of-way. The question is whether the failure to comply with the statute constituted contributory negligence as a matter of law. He testified that as he approached the intersection from the south he was going between 12 and 20 miles per hour. When he first looked to his right, the front of

his car was 5 to 10 feet back of the south curbline and he could see a good block to the east. He testified:

"I saw a car coming from my right traveling on Twelfth Street. * * * about one-half block away. * * * I observed it long enough to estimate its speed. I would say he was going between thirty-five and forty. I proceeded into the intersection, I looked ahead and I looked off and I looked back, I took a glance to my right again and there he was all at once and I stepped on the gas to get out. As I was entering the intersection I was going about twenty and I looked and thought I had plenty of time and I was going to proceed on through. * * * When the other car entered the intersection the front end of my car was even with the north side of the curbline of Twelfth Street. As soon as the other car entered the intersection I kinda got alook and seen, and then I swung my wheels turned my car to the left. The other car never changed its course from the time I first saw it until it struck my car, that I know of. It was speeding."

Both doors of plaintiff's car received the main force of the impact. Twelfth Street is 36 feet wide. The speed limit is 25 miles per hour.

On cross-examination he testified, from bumper to bumper, his car was 21 feet long. The front was 10 to 12 feet south of curbline when he saw the car coming.

"At that time I saw this other car half way down the block. I believe it would be 150 feet. That's my best estimate. I didn't pay too much attention to the car coming from the east, I saw him and that's all. I couldn't and didn't estimate its speed, not at that time. The next time I saw the car was just an instant before the collision. I had been looking straight ahead and glanced to the left but I was looking straight ahead up to that time. In the instance that I saw the car just before the collision I couldn't estimate his speed. * * * The front end of my car proceeded 10 feet to the intersection plus 36 feet across Twelfth Street or 46 feet altogether before I was hit. During the same period of time the automobile of the defendant traveled 150 feet."

He admitted he knew the car was to his right and did not continue to watch it saying:

"I figured I had plenty of time to get through the intersection.

"There wasn't anything there to prevent me from looking to my right and watching that auto coming up the street toward the intersection. I didn't see him again until just before the collision. He come on so fast that I thought I was out of there.

"From the time I first saw it until the point of impact the time elapsed was probably two seconds."

Since plaintiff's testimony is different on direct and cross-examination on his opportunity to estimate speed of defendant's car, we will test each version to see if he can escape contributory negligence as a matter of law under either one.

On direct, his theory must have been that he saw defendant, knew he was speeding one-half block away but estimated the speed 35 to 40 miles per hour when in fact he was going fast enough to cover 150 feet in the time it took plaintiff to go 46 feet or about 65 miles per hour.

While estimates of speed, time and distance are not very reliable, they must be used to make plaintiff's case and therefore should be used to test it. Conceding it is for the jury to test the credibility of an experienced driver who was not able to tell 35 miles per hour from 65 miles per hour at one-half block, we will use his figures as facts.

For plaintiff to clear the intersection from the time he first saw defendant's car, the front end would have to travel 66 feet —10 feet to curb, 36 feet across street, 20 feet to clear rear end. At 20 miles per hour, his fastest speed, it would take 2.2 seconds. If we assume defendant was coming at the lowest estimated speed of 35 miles per hour, he would reach the intersection in about 2.9 seconds. In other words plaintiff would at best have seven-tenths of a second to get out of defendant's way.

Let us assume plaintiff's evidence on cross-examination is more favorable to him and assume further that a jury could find a reasonably prudent man would just glance at a car, not determine its rate of speed, and decide he has time to cross the intersection assuming that defendant is driving within the speed limit. We must then also assume defendant was driving 25 miles

per hour. Even using these figures, plaintiff would have slightly less than two seconds to clear the intersection.

These computations are not given as establishing indisputable facts, but to show that plaintiff was dealing in split seconds. In argument he says:

"It should be remembered, in this case, that from the time the plaintiff first saw the defendant until the collision occurred .the time lapse was only two seconds. (R. p. 14, lines 6-9.) This amount of time certainly does not allow plaintiff to enter into nice calculations in estimating speeds, and distances to be covered at those speeds, in determining whether he can safely pass through the intersection. His experience and judgment must govern in this regard and must make his assumption as whether to proceed, instantly. As stated above he may make an assumption and testify to his state of mind in making that assumption. If his assumption is erroneous, or his judgment faulty, or his split second timing inaccurate, a collision will occur."

This is the very argument I would use in affirming. I do not believe a reasonably prudent man knowing this would attempt to cross an intersection in front of an oncoming car with the right-of-way when his safety depends upon a split second, or at most on two seconds, especially when his judgment is based on estimates of speed and distance arrived at in a glance.

I do not believe we should approve of plaintiff making such "nice calculations". His mere conclusion that he thought he had time to cross when he obviously did not, in my opinion, is not sufficient to make his conduct under the circumstances that of a reasonably prudent man.

I would affirm.

THOMPSON, J., joins in this dissent.