HARRY L. O'HAVER, appellee, v. RAY E. KRAKLIO, appellant.

No. 51735.

(Reported in 136 N.W.2d 293)

JUNE 30, 1965.

F. J. MacLaughlin, of Davenport, for appellant.

Charles J. Munson, of Bettendorf, for appellee.

PETERSON, J.—Action for property and personal injury damages resulting from collision of two cars at an intersection in country district. Trial court submitted case to jury and a verdict of $10,932.05 was returned in favor of plaintiff. Defendant appeals.

Appellant raises no question as to introduction of, or failure to introduce, any certain evidence in the trial of the case. Appellant's counsel filed no exceptions to the instructions, and makes no complaint about them in this appeal. Appellant's assignments of error pertain almost solely to the matter of failure of the trial court to grant judgment notwithstanding verdict, and failure of the trial court to grant a new trial.

The only specific complaint made by appellant is that the court failed to give consideration to the fact that plaintiff permitted his sixteen-year-old grandson, who did not have a license nor a learner's permit, to drive the car at the time the collision occurred.

I. On February 10, 1962, at about eleven o'clock a.m., Harry L. O'Haver was riding as a passenger in his own automobile, a 1953 Dodge. It was operated by his sixteen-year-old grandson, John D. Glynn. He was teaching and coaching his

grandson as to the driving of a car. John did not have a driver's license nor did he have a learner's permit. He had driven his grandfather's automobile, in the process of learning to drive, on numerous occasions. He never had any difficulty and plaintiff had developed confidence in his driving ability.

Plaintiff was seated on the right side of the front seat and the windows and windshield were clear. There was little traffic on the country road. Plaintiff's car was going north on county road No. 33 in Scott County. The surface of the road was gravel with two sets of tracks used by cars. There was no snow on the road itself, although there was snow in the ditches by the side of the road. The road was rough and generally was what would be called in a "washboard" condition. County road No. 57 ran east and west and intersected No. 33. Defendant was driving west on No. 57. In approaching the intersection of the two roads plaintiff could not see to the right until he was about 125 feet from the intersection, at which point he could look to the east about 285 feet, after which distance the road descends a hill.

Plaintiff and his grandson looked to the right when the car was 125 to 150 feet south of the intersection. However, they did not see defendant's car coming and John continued to drive into the intersection. He touched the brake gently as he was entering the intersection and slowed down to about 15 to 16 miles per hour. When the car was entering the south half of the intersection plaintiff and his grandson looked to the right again and discovered defendant's car about 90 feet away. Plaintiff and John testified that he was driving at from 60 to 70 miles per hour and there was nothing John could do in the intervening second or two. Defendant's car struck plaintiff's car on the right side, in about the center of the car.

Defendant claimed the reason he did not look to the left before he reached about 10 feet east of the fence line on the east of road No. 33 was that his view was obstructed.

The impact swung plaintiff's car around so that it ran into the ditch on the west side of road No. 33. It rolled over and ran into the ditch about 40 feet north of defendant's car, also on the west side of the road.

II. It is appellant's position that the motions should have

1172

been sustained because plaintiff did not carry the burden of proof as to defendant's negligence nor as to plaintiff's absence of contributory negligence.

 He who looks to his right and sees no vehicle approaching within a distance which could be covered at a lawful and prudent speed is not guilty of contributory negligence as a matter of law if he assumes there is no danger of an accident. This rule also applies if he sees a car approaching on his right, but at such a distance as lawful speed would not bring it to the intersection in time to cause a collision. Olson v. Truax, 250 Iowa 1040, 97 N.W.2d 900; Jacobson v. Aldrich, 246 Iowa 1160, 68 N.W.2d 733; Culbertson v. Anderson, 251 Iowa 265, 100 N.W.2d 633; Kuehn v. Jenkins, 251 Iowa 557, 100 N.W.2d 604.

III. The case at bar is rather simple and has very few controversial questions involved. In the final analysis the questions fall into two categories. First, was the evidence such that defendant was entitled to determination of the two questions of judgment notwithstanding verdict, and granting of a new trial, as a matter of law rather than submitting the facts of the case to the jury?

 As we have heretofore shown in connection with our statements of fact there was serious conflict in the testimony in the form of the statements by plaintiff, his grandson and to a certain extent the highway patrolman on one side, and the defendant alone on the other side. There is no question but what such statements of fact should be submitted to the judgment and decided by the jury rather than being settled by the court upon the motions filed. We have customarily held that intersection collisions raise questions as to negligence on the part of a defendant and contributory negligence on the part of plaintiff and are rarely for the court to decide. Hutchins v. LaBarre, 242 Iowa 515, 47 N.W.2d 269; Beardsley v. Hobbs, 239 Iowa 1332, 34 N.W.2d 916; Miller v. Griffith, 246 Iowa 476, 66 N.W.2d 505; Howie v. Ryder & McGloughlin, 244 Iowa 861, 58 N.W.2d 389; Reich v. Miller, 257 Iowa 1040, 135 N.W.2d 651.

 Second, the only other question in the case is whether the matter of plaintiff's grandson, who had no license driving the

car, created a condition of contributory negligence on the part of plaintiff as a matter of law.

In Schuster v. Gillispie, 217 Iowa 386, 390, 251 N.W. 735, we said: "Appellant insists that this [failure to have license] prevents recovery on the part of plaintiff. Appellant suggests no causal relationship between plaintiff's injuries and the fact that the driver of the car had no license and we are unable to discover any such relationship. Before a violation of a statute will preclude recovery, causal relationship must exist between the unlawful act and the injuries complained of."

In Wolford v. Grinnell, 179 Iowa 689, 693, 161 N.W. 686, we said: "As to the last proposition [registering car], it is clear that plaintiff's failure to register the car had nothing whatever to do with the accident; * * * hence his violation of the law was no defense to the action."

We have held such condition does not bar recovery in a case of this type unless there is a clear causal relation between the failure to comply with the law and the resulting injuries. Ruckman v. Cudahy Packing Co., 230 Iowa 1144, 300 N.W. 320; Schuster v. Gillispie and Wolford v. Grinnell, both supra; Lockridge v. Minneapolis & St. Louis Ry. Co., 161 Iowa 74, 140 N.W. 834, Ann. Cas. 1916A 158.

In the case at bar John Glynn's failure to have a license or a certificate had no connection with the collision or with what happened at the intersection. It made no difference as to who was driving the car. The jury apparently held the rate at which defendant was coming into the intersection was so fast that whoever was driving the car would be hit. Of course, it must be said that there is conflict in the evidence as to defendant's speed. However, this was clearly a question for the jury.

The case is affirmed.—Affirmed.

All JUSTICES concur.