STATE of Iowa, Appellee,

v.

Carolee PHILPOTT, Appellant.

No. 04–0060.

Supreme Court of Iowa.

Aug. 19, 2005.

_____

Judith M. O'Donohoe of Elwood, O'Donohoe, Stochl, Braun & Churbuck, Charles City, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes and Cris C. Douglass, Assistant Attorneys General, and Marilyn J. Dettmer, County Attorney, for appellee.

PER CURIAM.

Defendant, Carolee Philpott, appeals from a judgment following a jury trial convicting her of mechanical eavesdropping in violation of Iowa Code section 727.8 (2003). The court of appeals affirmed her conviction. After reviewing the record and considering the arguments presented, we affirm the decision of the court of appeals and the judgment of the district court.

Defendant, who had worked for twenty-five years in the office of the clerk of court for Franklin County, was involved in a series of acrimonious exchanges with fellow employees in the office who repeatedly accused her of discourtesy toward them and members of the public. Defendant, who was a union representative, consulted union officials and was advised that in order to protect herself in these situations she should tape-record conversations in the office. She was told that this was proper if she was present and participating in or listening to the recorded conversations. Upon receiving this advice, defendant brought a tape recorder to work, where it remained on her desk from November 2001 through October 2002.

The criminal prosecution that is now before us concerns events that took place on October 7, 8, and 9 of 2002. Evidence presented at trial through the testimony of defendant's coworkers indicated that on October 7 defendant left the tape recorder operating in a working area in the office while she was at lunch. This conduct was reported to the acting district court administrator and the county attorney. On October 8, when defendant left to participate in a conference call on court-related business, coemployees testified that they again observed that the tape recorder was left running.

On October 9, while defendant was at lunch, coworkers observed the tape recorder was running and called a district judge. The judge testified at the trial that he observed the tape recorder in operation and attempted to play the tape. When he backed the tape up and switched it to play mode, he heard a conversation between an employee in the office and a juvenile probation officer that he could recognize as having taken place while he was watching the tape recorder function. He also heard some whistling on the tape that he had initiated as a test for determining that it was functioning. Following a staff meeting, the defendant removed the recorder from the office.

On August 4, 2003, the State filed a trial information charging the defendant with a violation of Iowa Code section 727.8. She was found guilty following a jury trial. We separately consider defendant's several challenges to her conviction.

I. *Defendant's Constitutional Challenges.*

Defendant urges that the statute under which she was charged violates both due process and equal protection because the words "right or authority to do so" are not specifically defined and because the statute

does not embrace a concept of expectation of privacy. Iowa Code section 727.8 provides:

> Any person, having no right or authority to do so, who taps into or connects a listening or recording device to any telephone or other communication wire, or who by any electronic or mechanical means listens to, records, or otherwise intercepts a conversation or communication of any kind, commits a serious misdemeanor; provided, that the sender or recipient of a message or one who is openly present and participating in or listening to a communication shall not be prohibited hereby from recording such message or communication; and further provided, that nothing herein shall restrict the use of any radio or television receiver to receive any communication transmitted by radio or wireless signal.

■ Defendant's equal-protection argument must fail because she has identified no similar class of persons that is treated more favorably under the act than she was. Her contention that an expectation of privacy must exist in order for the statute to satisfy substantive due-process requirements is of doubtful constitutional merit. We need not decide that question, however, because the district court instructed the jury that, in order to convict, the recorded matter "must have been uttered by a person or persons who exhibited a subjective expectation of privacy which was reasonable by societal standards." [1]

■ With respect to defendant's contention that the words "right or authority to do so" are not sufficiently definite to withstand a vagueness challenge, we are convinced that the words are not vague as applied to her situation. Because no fundamental right is involved, defendant may not lodge a facial due-process challenge to the statute. *State v. Reed*, 618 N.W.2d 327, 332 (Iowa 2000).

Defendant also argues that section 727.8 violates due process because it would permit the conviction of a person who accidentally records a conversation. Without deciding whether the statute is defective in that manner or, if so, whether this would violate due process, we reject defendant's challenge because the district court instructed the jury that the State was required to show defendant intended the actions, i.e., the recording of conversations, on which the prosecution was based.

## II. *Sufficiency of Evidence.*

Defendant urges that the evidence was insufficient to warrant her conviction because the tape became lost prior to trial and thus there was no evidence presented to the jury that anything had been recorded. We reject this contention.

■ The jury's findings are binding on us if supported by substantial evidence. *State v. Weatherly*, 679 N.W.2d 13, 16 (Iowa 2004); *State v. Speicher*, 625 N.W.2d 738, 740 (Iowa 2001). In order to be substantial, the evidence must be such as would convince a rational jury of a defendant's guilt beyond a reasonable doubt. *Weatherly*, 679 N.W.2d at 16. We are satisfied that there was sufficient circumstantial evidence to establish that conversations in the clerk's office were being

---

**1.** Defendant's argument assumes that the statute prohibits the recording of conversations irrespective of whether the situation is one in which an expectation of privacy exists. We do not suggest that this interpretation is not correct. The validity of the district court's instruction suggesting a contrary view is not before us, and we express no opinion in regard to the correctness of that instruction. It is, however, the law of the case for purposes of defendant's claims on appeal.

recorded on defendant's tape recorder on October 7 and 8. In addition, there was direct evidence through the testimony of a district judge that conversations were in fact being recorded on October 9. There was only one count in the information, so the October 9 event, standing alone, was sufficient to convict.

In addition, the evidence revealed that defendant had advised her coworkers that she had brought the tape recorder to the office for purposes of tape recording the conversations with coworkers as a result of their prior disagreements. Defendant argues that she only intended to record conversations to which she was listening or in which she was participating while openly present at the place where the conversations were taking place. However, the evidence indicated that, at least part of the time the recorder was present on October 7, 8, and 9, it was set on voice-activation mode so that it would record conversations automatically in defendant's absence. The jury could find from that circumstance that defendant intended to record conversations that took place during her absence.

### III. *Objection to Jury Instructions.*

Defendant urges that the district court erred in giving Uniform Criminal Jury Instruction No. 100.6 describing direct and circumstantial evidence. Defendant contends that this instruction invites the jury to make decisions based on speculation. The instruction given was a correct statement of the law and nothing contained therein served to prejudice the defendant in the present case.

### IV. *Objections to Evidence.*

As observed by the court of appeals with respect to defendant's evidentiary challenges:

> The defendant fills more than two pages in her brief with a list of examples of

four categories of evidence which was admitted over objection that she claims was irrelevant, lacking foundation, or unfairly prejudicial. Her summary conclusion is that "Taken as the whole, this evidence was more prejudicial than probative and the Court should have granted a new trial on this ground."

Although the court of appeals attempted to respond in a general manner to the arguments that were thus presented, we do not. We will decline to consider arguments that do not pinpoint specific questions and objections the overruling of which is alleged to be error. *Miller v. Griffith*, 246 Iowa 476, 480, 66 N.W.2d 505, 507 (1954). Defendant's arguments on the evidentiary issues are too vague and indefinite to support the granting of relief based on the admission of improper evidence.

We have considered all issues presented and conclude that the decision of the court of appeals and the judgment of the district court should be affirmed.

**AFFIRMED.**