# IN THE COURT OF APPEALS OF IOWA

No. 14-1305
Filed November 12, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PAUL DANIEL YOUMANS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Madison County, Arthur E. Gamble, Judge.


A defendant appeals a jury verdict finding him guilty of failing to comply with sex offender registry requirements. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Alexandra Link, Assistant Attorneys General, for appellee.


Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

A jury found Paul Youmans guilty of failing to notify the sex offender registry when he established a second residence in Madison County. On appeal, Youmans argues the district court erred in overruling his motion for judgment of acquittal. He also contends his trial counsel was ineffective in not seeking a jury instruction on specific intent and in not objecting to the instruction on circumstantial evidence. Because substantial evidence supports his conviction, we do not disturb the jury's verdict. Because counsel breached no duty in regard to the jury instructions, we reject Youmans's claim of ineffective assistance and affirm his conviction.

## I. Background Facts and Proceedings

Based on a previous conviction, Youmans is required to register as a sex offender under Iowa Code chapter 692A (2013). Since 2008, he has been registered in Madison County at a residence in Truro.

Rebecca Berry, an employee of the Madison County Sheriff's Office, performed duties in regard to the sex offender registry and assisted Youmans with his previous registration updates. Berry also testified she lived in the same Winterset neighborhood as Youmans's girlfriend. When Youmans came to the sheriff's office to update his registration in October 2012, Berry asked him if he had any changes to his residence, and told him she "had noticed that he had been spending a lot of time at his girlfriend's residence and he needed to add or register that as another address, alternative address on the registry." Youmans told her he did not live there and did not need to register it.

In August 2013, a Winterset resident noticed Youmans was "coming and going" from a house in her neighborhood "on a regular day-to-day basis." She saw him mowing the lawn, putting out the garbage, and cutting wood. In her words, "he was doing those types of things that you would do when you live in a home and you reside there." This neighbor was one of several residents who held a meeting to discuss the fact Youmans was on the sex offender registry and was "staying" quite often in their neighborhood during the summer of 2013. One neighbor took photographs of Youmans's vehicles parked at the Winterset house.

The neighbors decided to report Youmans's activities to Winterset Police Chief Ken Burk. Chief Burk investigated, often driving by the house in question. The chief frequently saw Youmans's Mercury Marquis parked there in the morning and would later see Youmans leaving the house with his girlfriend. On September 10, 2013, the chief decided to talk with Youmans. According to the chief, Youmans admitted he generally stayed three days at the farm and then three days at the Winterset house.

The State charged Youmans with failure to comply with sex offender registry requirements, an aggravated misdemeanor, in violation of Iowa Code sections 692A.103, 692A.104, and 692A.111, by trial information filed on September 12, 2013. Youmans appeared for a jury trial on May 28, 2014. The jury returned a verdict of guilty on May 29, 2014. On August 1, 2014, the district court sentenced Youmans to an indeterminate two-year term, suspended the

sentence, and placed Youmans on probation. Youmans filed a timely notice of appeal.

## II.     Scope and Standards of Review

We review a challenge to the sufficiency of the evidence for legal error. *State v. Rooney*, 862 N.W.2d 367, 371 (Iowa 2015). We view the evidence in the light most favorable to the State and will uphold the verdict if substantial evidence supports it. *Id.* We consider evidence to be "substantial" if it could convince a rational jury that the defendant is guilty beyond a reasonable doubt. *Id.*

We perform a de novo review of claims of ineffective assistance of counsel because of their constitutional origins. *State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015).

## III.     Analysis

### A.     Substantial Evidence to Support Verdict

Youmans argues the district court should have granted his motion for judgment of acquittal rather than submitting the case to the jury. After overruling the motion for judgment of acquittal, the district court provided the jury with this marshalling instruction:

> 1. On or about September 10, 2013, the Defendant was required to register with Iowa's sex offender registry.
> 2. On or about September 10, 2013, the Defendant established a second residence [in] Winterset, Iowa, Madison County, Iowa.
> 3. The Defendant intentionally failed to notify the Sheriff of Madison County within five days of establishing that second residence.
> 4. The Defendant knew that his actions established a second residence.

Youmans stipulated that he was required to register as a sex offender and did not list the Winterset address as a second residence. So the contested elements were whether he knew that he established a residence in Winterset within the meaning of the statute and whether he intentionally failed in the duty to register that second residence.

The court instructed the jury regarding the statutory definition of residence as "each dwelling or other place where a sex offender resides, sleeps, or habitually lives, or will reside, sleep, or habitually live, including a shelter or group home." *See* Iowa Code § 692A.101(24). The instruction continued: "If a sex offender does not reside, sleep, or habitually live in a fixed place, 'residence' means a description of the locations where the offender is stationed regularly, including any mobile or transitory living quarters." *See id.* The instruction also quoted the portion of the statute clarifying that the offender's own belief about whether a place constitutes his or her residence is not controlling: "'Residence' shall be construed to refer to the places where a sex offender resides, sleeps, habitually lives, or is stationed with regularity, regardless of whether the offender declares or characterizes such place as the residence of the offender." *See id.* Finally, the instruction noted the term "residence" incorporates the notion of permanency.

The court also instructed the jury regarding the meaning of the phrase: "habitually lives." The jury instruction tracked the statutory definition:

> "Habitually lives" means living in a place with some regularity, and
> with reference to where the sex offender actually lives, which could
> be some place other than a mailing address or primary address but

would entail a place where the sex offender lives on an intermittent basis.

Iowa Code § 692A.101(13).

The State offered sufficient proof that Youmans established a second residence by offering the neighbors' observations of Youmans regularly staying at his girlfriend's house in Winterset; they reported him coming in the evening and leaving in morning.  Multiple witnesses saw Youmans performing everyday tasks, like mowing and laundry, at the house.  Youmans also admitted to the police chief that he alternated between spending three days at his farm in Truro and three days at his girlfriend's house.  Further, reasonable jurors could have determined from Berry's testimony that Youmans knew he had a duty to register at the second address but intentionally failed to do so.  When viewed in the light most favorable to the State, the evidence was sufficient to support the jury's verdict of guilty.

**B.**      **Ineffective Assistance of Counsel Regarding Jury Instructions**

Criminal defendants are entitled to effective assistance of counsel under both the Sixth Amendment of the United States Constitution and article I, section 10 of the Iowa Constitution.[1]  *See State v. Clay*, 824 N.W.2d 488, 502 (Iowa 2012) (Appel, J., concurring specially).  Youmans asserts his case is "appropriate for consideration of the Iowa Constitution," but he does not clearly explain why or how the analysis should differ from *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Accordingly, we follow the lead of our supreme court and assume the

---

[1] Youmans also cites to the due process clause at article I, section 9 of the Iowa Constitution.

legal principles governing both provisions are the same. *See State v. Thorndike*, 860 N.W.2d 316, 319 n.1 (Iowa 2015).

To succeed on his claim of ineffective assistance of counsel, Youmans must prove by a preponderance of the evidence that his trial counsel failed to perform an essential duty, and that failure prejudiced his case. *Strickland*, 466 U.S. at 687. Under *Strickland's* first prong, we measure counsel's performance against the standard of a reasonably competent practitioner, presuming the attorney performed his duties competently. *See Clay*, 824 N.W.2d at 495. Under the second prong, Youmans must show that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 496. Unless Youmans can satisfy both prongs, we cannot find his conviction resulted from a "breakdown in the adversary process that renders the result unreliable." *See id.* at 495. We often preserve claims of ineffective assistance for postconviction proceedings but will decide them on direct appeal if the record is adequate. *State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999). We find the record is adequate to address Youmans's complaints about his attorney.

### 1.    Specific Intent Instruction

At the conference on jury instructions, the district court explained to the parties that it read section 692A.111[2] as requiring the State to prove "the defendant intentionally violated the statute and did not do so by mistake or accident." But the court did not believe the instructions imposed "the burden of

---

[2] That provision states, in pertinent part, "For purposes of this subsection, a violation occurs when a sex offender knows or reasonably should know of the duty to fulfill a requirement specified in this chapter as referenced in the offense charged." Iowa Code § 692A.111(1).

proving specific intent on the State." Accordingly, the court provided the jury with this instruction defining general intent:

> To commit a crime a person must intend to do an act which is against the law. While it is not necessary that a person knows the act is against the law, it is necessary that the person was aware he was doing the act and he did it voluntarily, not by mistake or accident. You may, but are not required to, conclude a person intends the natural results of his acts.

Youmans's counsel did not object at trial. On appeal, Youmans asserts failure to comply with the sex offender registry requirements was a specific intent offense and his trial counsel should have requested the specific intent jury instruction. That instruction provides:

> "Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing with a specific purpose in mind. Because determining the defendant's specific intent requires you to decide what she was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of her acts.

Youmans contends if the jury had been properly instructed the State would have had to prove that he "specifically intended to establish a second residence without notifying the Madison County Sheriff of his change in circumstances."

The State replies that the district court's instructions actually placed a higher burden on the prosecution to prove intent than previous case law interpreting chapter 692A. In *State v. Adams*, No. 09-1499, 2010 WL 3894440, at *5-6 (Iowa Ct. App. Oct. 6, 2010), our court held the State had to prove the sex offender knew of the duty to register a residence change, not that he knew or

should have known that his "sojourn at his fiancée's constituted a change of 'residence.'" Here, the court required the State to prove Youmans intentionally failed to notify the sheriff within five days of establishing his second residence *and* that Youmans knew his part-time living arrangements in Winterset constituted the establishment of a second residence. The State argues the extra intent element included in the marshalling instruction was a "windfall" for Youmans. The State further contends counsel had no basis to argue the statute required proof of specific intent.

Specific-intent crimes require the State to prove a defendant's intent to complete some *further* act or achieve some *additional consequence.*'" *In re D.S.*, 856 N.W.2d 348, 352 (Iowa 2014). For example, harassment is a specific intent crime because Iowa Code section 708.7 requires the State to prove the defendant purposefully engaged in personal contact with the aim to "threaten, intimidate, or alarm" the victim. *Id.* By contrast, interference with official acts is a general-intent crime, because Iowa Code section 719.1 does not require the State to prove the defendant's intent to do a further act or achieve some additional consequence. *See State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996) (noting requirement of "knowing" resistance does not implicate specific intent).

The marshalling instruction required proof of Youmans's knowledge that staying part-time at his girlfriend's house constituted establishing a second residence under chapter 692A and proof of his intentional failure to notify the sheriff of the change. Neither of those intent elements required a showing that

Youmans intended to do a further act or achieve some additional consequence. Youmans tries to structure the elements as requiring proof that he established the second residence in Winterset with the intent to violate the sex offender registry. "He misreads the statute." *See State v. Neuzil*, 589 N.W.2d 708, 711 (Iowa 1999) (finding stalking to be general intent offense). The State was required to show only that Youmans knew his second residence needed to be registered, but he intentionally declined notify the sheriff. Because failure to comply with the sex offender registry under section 692A.111(1) does not require proof of specific intent, counsel had no duty to request such an instruction. *See State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) (noting counsel has no duty to pursue meritless issue).

### 2. Circumstantial Evidence Instruction

Youmans contends his attorney should have objected to the court's instruction to the jury regarding direct and circumstantial evidence. To explain those concepts, the court provided the jury with Uniform Criminal Jury Instruction 100.6, which stated:

> In considering the evidence, make deductions and reach conclusions according to reason and common sense. Facts may be proved by direct evidence, circumstantial evidence, or both. Direct evidence is evidence from a witness who claims actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is evidence about a chain of facts which show a defendant is guilty or not guilty. The law makes no distinction between direct evidence and circumstantial evidence. Give all the evidence the weight and value you think it is entitled to receive.

Youmans contends the instruction was an incorrect statement of the law under *State v. Hopkins*, 576 N.W.2d 374, 378 (Iowa 1998). *Hopkins* did not

address this uniform instruction. Rather, *Hopkins* discussed a definition of "circumstantial evidence" that is consistent with the wording of the uniform instruction. Youmans also cites several circumstantial-evidence instructions from other states which he argues are superior to Iowa's uniform instruction.

Iowa appellate courts are reluctant to disapprove of uniform instructions. *State v. Jeffries*, 313 N.W.2d 508, 509 (1976). In fact, the supreme court has encouraged trial courts to utilize these instructions. *State v. Mitchell*, 568 N.W.2d 493, 501 (Iowa 1997). This particular uniform instruction on circumstantial evidence has been upheld by our supreme court as a correct statement of the law. *See State v. Philpott*, 702 N.W.2d 500, 504 (Iowa 2005) (rejecting claim that instruction "invites the jury to make decisions based on speculation"). Accordingly, we cannot find counsel breached a material duty in not objecting to its use in this case. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) (noting court of appeals is not at liberty to overrule supreme court precedent).

To recap, we find substantial evidence to support the jury's verdict and conclude Youmans fails to show that he received ineffective assistance of counsel in regard to the disputed jury instructions.

**AFFIRMED.**